**Manlio CIANI, Petitioner,**

v.

**Jack L. ADKINS, et al.**

**Civ. No. 5829.**

United States District Court, N. D. Texas, Dallas Division.

Dec. 24, 1954.

Henry Klepak, Dallas, Tex., for petitioner.

Heard L. Floore, U. S. Atty., Fort Worth, Tex., John C. Ford, Asst. U. S. Atty., Dallas, Tex., for respondents.

ATWELL, Chief Judge.

Petitioner claims that he was taken into custody by virtue of a warrant which was executed by W. C. Young, officer in charge of the Immigration and Naturalization Service, at Dallas, Texas, and thereafter given his liberty upon posting a $500 bond, and was told to appear on Tuesday, November 17, 1953, to show cause why he should not be deported from the United States. That the petitioner did appear and moved that the charges against him under Sec. 241(a) (1), Immigration and Nationality Act, 8 U.S.C.A. § 1251(a) (1), had been repealed in June, 1952, and that the annulment had not been procured until June, 1953. The annulment referred to a marriage which the petitioner had contracted.

The motion was overruled, and on November 17th, 1953 the hearing officer found, and filed as a statement of facts, that the petitioner was a native and citizen of Italy. That he was admitted to the United States through

a California port, on December 29, 1951, under Sec. 6(a) (1) of the Immigration Act of 1924[1] as a first preference quota Italian immigrant, the husband of an United States citizen. That the marriage on which this admission was predicated, was to Virginia Keith, and occurred in Los Angeles, California, on June 27, 1950. That this marriage was judicially annulled by the Superior Court of the state of California, on June 5, 1953. That this judgment was entered on the ground that the marriage had been obtained by fraud.

Upon these findings of fact, as so made by the Commissioner, he found, as a conclusion of law, that the petitioner is subject to deportation under Sec. 241(a) (1) of the Nationality Act, because at the time of entry he was within one or more of the classes of aliens excludable by the law existing at the time of such entry, to-wit: a person not entitled to admission on the preference quota visa which he presented upon arrival on the ground such visa was obtained through fraud, because the marriage had been annuled retroactively to the date of such marriage, under Sec. 3 of the Act of May 14, 1937.[2]

Thereafter petitioner secured another attorney and a motion for rehearing was filed, which was denied. That such motion set out that petitioner did not understand the language and had no counsel. That thereafter the petitioner appealed to the Board of Immigration Appeals, which Board affirmed the decision of the lower officer, holding that the judgment of annulment was entered upon the basis of a complaint that he had entered into the marriage to obtain residence in the United States, and that the petitioner would have until December 15, 1954, in which to depart from the United States.

The petitioner sought a rehearing before the Attorney General of the United States, which was denied.

The testimony developed at the hearing before this court showed that the petitioner did not enter the United States fraudulently, because it was sometime after he was in the United States that he accidentally discovered the lady whom he married in Los Angeles, California, after he was here, and it had nothing to do with his entry into the United States. It was this marriage that became unsatisfactory to them after several years' living together here, and the wife complained of the petitioner's spending of her income and funds and she sought, and obtained, an annulment of the marriage.

To my way of thinking it would be manifestly a hardship and a glaring injustice to allow such a proceeding to be designated as a fraud upon which his entry was secured. He was already in the United States and the marriage had nothing to do with his entry.

The provisions of the statute which have been cited, are not at all applicable here, and it is a simple question of righteousness of judgment. The fact that the trial judge in the divorce proceeding instituted by the wife, found retroactively, that the annulment should be dated from the date of the marriage, is, and was, an usurpation of questions that must be determined by the superior sovereignty.

The student will be interested in reading Sec. 1009 of Title 5 U.S.C.A., also Williams v. Fanning, 332 U.S. 490, 92 L. Ed. 95, 68 S.Ct. 188; Pedreiro v. Shaughnessy, 2 Cir., 213 F.2d 768; Rubinstein v. Brownell, 92 U.S.App.D.C. 328, 206 F.2d 449, affirmed in 346 U.S. 929, 74 S.Ct. 319, Title 5 U.S.C.A. § 1009(e).

Restraint is granted as prayed, and since it has been suggested in open court that the temporary restraint be made a permanent injunction, it is so ordered.

1. Now 8 U.S.C.A. § 1153.

2. Now 8 U.S.C.A. § 1251(c).