ASSI v TUCKER

Docket Nos. 106554, 108158. Submitted June 20, 1989, at Detroit.
Decided August 30, 1989.

Debbie Assi, the estranged wife of Mohamad Assi, moved out of
her sister and brother-in-law's apartment into her own apart-
ment. The first night she was there, she was injured when an
automobile driven by Carolyn Tucker struck Debbie's mother's
vehicle, which Debbie had borrowed to use in her move. Debbie
brought an action against Carolyn Tucker, Loricon, Inc., doing
business as Midas Touch Lounge, Frankenmuth Mutual Insur-
ance Company, the insurer of Debbie's mother's vehicle, Trans-
america Insurance Company, the insurer of Debbie's brother-in-
law's vehicle, and Farmers Insurance Group, the insurer of
Mohamad's vehicle. Mohamad had told his insurer he was
single when he applied for insurance. The Wayne Circuit Court,
Susan D. Borman, J., concluded as a matter of law that Debbie
resided in her new apartment and that Farmers' claim of
fraudulent marriage was not sufficient to show that the mar-
riage was void and granted summary disposition to Franken-
muth and Transamerica against Debbie and to Debbie against
Farmers. Farmers appealed both grants of summary disposition
and the appeals were consolidated by the Court of Appeals.

The Court of Appeals *held:*

1. The court correctly held that Debbie's residence could be
determined as a matter of law and that she had moved out of
her brother-in-law's apartment and resided in her own apart-
ment at the time of the accident.

2. Farmers' allegations of sham marriage were insufficient to
raise a genuine issue as to the validity of the marriage. The
fraudulent representation by Mohamad of his marital status
does not bar recovery by Debbie, an innocent party.

Affirmed.

INSURANCE — FRAUD.

A material misrepresentation by an insured to his insurer will

REFERENCES

Am Jur 2d, Automobile Insurance § 54.

See the Index to Annotations under Automobile Insurance; Fraud
and Deceit; Husband and Wife.

not preclude recovery by an insured who is innocent of the fraud.

*Becker & Van Cleef, P.C.* (by *Robert Van Cleef*), for plaintiff.

*Ulanoff, Ross & Wesley, P.C.* (by *Stuart A. Ulanoff*), for Transamerica Insurance Company.

*Hayouk, Dawson, Andrews & Hypnar, P.C.* (by *Robin K. Andrews* and *Alice M. Rhodes*), for appellant.

*Kohl, Secrest, Wardle, Lynch, Clark & Hampton* (by *Paul Moceri*), for Frankenmuth Mutual Insurance Company.

Before: GRIBBS, P.J., and GILLIS and SULLIVAN, JJ.

PER CURIAM. In Docket No. 106554, Farmers Insurance Group appeals as of right from the circuit court's order granting Frankenmuth Mutual Insurance Company's and Transamerica Insurance Company's motions for summary disposition pursuant to MCR 2.116(C)(10). In Docket No. 108158, Farmers appeals as of right from the circuit court's order granting Debbie Assi's motion for summary disposition pursuant to MCR 2.116(C)(10). We affirm.

Plaintiff Debbie Assi was seriously injured when she was struck by an automobile driven by defendant Carolyn Tucker, an allegedly intoxicated driver, or by plaintiff's mother's automobile, which was struck by Tucker's automobile. Plaintiff sued Tucker and, under the dramshop act, Loricon, Inc., doing business as Midas Touch Lounge. Plaintiff also sued all three insurance companies, alleging that they had unreasonably denied her no-fault

benefits. Farmers insured Mohamad Assi's automobile. Mohamad Assi was plaintiff's husband. Transamerica insured plaintiff's brother-in-law's automobile. Frankenmuth insured plaintiff's mother's vehicle.

Plaintiff lived with her mother, her sister and her sister and brother-in-law; however, it appears that plaintiff spent most of her time living with her sister and brother-in-law. Mohamad Assi, who is from Lebanon, is plaintiff's brother-in-law's nephew. Mohamad Assi was attending college in Canada on a student visa and receiving a substantial monthly stipend. Mohamad Assi wrote to his uncle and he and plaintiff subsequently began corresponding by letter. In May, 1986, Mohamad Assi came to the United States to visit his sister and his uncle. He and plaintiff fell in love and were married on May 17, 1986, by plaintiff's brother in a ceremony which took place in plaintiff's mother's home. The couple honeymooned and, while plaintiff had initially agreed to accompany Mohamad to Canada so that he could continue his education, she later refused to leave the United States. So, the couple lived with plaintiff's sister and brother-in-law until June 1 when they moved into their own apartment. In late September or early October, plaintiff asked Mohamad to leave their apartment which was located at 8051 Schaefer. Plaintiff left the marital residence one week later and moved back into her sister and brother-in-law's flat at 4650 Jonathon. Plaintiff decided that she wanted a divorce.

Mohamad Assi purchased a vehicle during the couple's separation and obtained a no-fault insurance policy from Farmers in early December. While Mohamad testified that he told the insurance agent that he was married, Mohamad's application states that his marital status is "s" which

Farmers claims indicates that he was single. Mo-
hamad also listed himself as the only licensed
driver in his household. At the time Mohamad
filled out the application, he initially gave his
marital address as his home address, but subse-
quently crossed that address out and gave his
sister's address as his home address.

On February 18, 1987, plaintiff filed for divorce.
On February 23, 1987, plaintiff moved out of her
sister's two-bedroom flat and into an apartment at
14900 Tireman. Plaintiff was going to take over
the lease of her former boyfriend, whom she had
dated after her separation with Mohamad and
whose relationship with plaintiff may have led to
the couple's separation. Plaintiff was to assume
the lease on March 1 and her former boyfriend
was going to leave her his security deposit. While
plaintiff had been unemployed, she was to begin a
new job on February 25. Plaintiff's former boy-
friend moved out of the apartment on February 23
and so plaintiff decided to move in on that day.

Plaintiff had moved all of her furniture which
had been stored in her sister's basement into the
Tireman apartment except for her waterbed,
which had to be filled before it could be used.
Plaintiff may have left some clothes or other per-
sonal items in her sister's flat, but she believed
that she had moved out. Plaintiff's sister asked
plaintiff to spend the night in the flat because
plaintiff was upset because she had had contact
with Mohamad. Plaintiff declined to spend the
night, indicating that at her age it was time to be
out on her own. We note that plaintiff shared a
bedroom with her sister's three children from a
prior marriage when she stayed in the two-bed-
room flat.

Plaintiff took a shower in the Tireman apart-
ment, put on her night clothes and was planning

to sleep on the couch when she decided to move her mother's automobile, which she had borrowed to move her belongings, to a side street. Plaintiff was opening the door to her mother's automobile when she observed Tucker's vehicle approaching. Plaintiff attempted to run between her mother's vehicle and another parked car and was injured. When plaintiff's sister learned the extent of plaintiff's injuries, she asked plaintiff's friends to move plaintiff's belongings back into her flat. Subsequently, plaintiff moved in with her sister in a new home so that her sister could provide the care that plaintiff needed.

We also note that plaintiff had her marital address on her driver's license. While plaintiff received mail and telephone calls at her sister's flat, the post office listed her marital residence as her address. Furthermore, plaintiff denied knowing Mohamad's legal status in the United States. In fact, Mohamad had obtained a green card following his marriage to plaintiff. Mohamad did not want a divorce and noted that plaintiff's attitude toward him changed after she acquired a boyfriend subsequent to their marriage. Mohamad denied marrying plaintiff in order to gain entry to this country, noting that he was well off in Canada with his student visa and could have easily obtained immigrant status there. Mohamad was also considering returning to Canada. Plaintiff testified that she and Mohamad lived as husband and wife in the flat and their marital apartment. Plaintiff's and Mohamad's divorce was final on September 4, 1987.

Plaintiff moved for summary disposition against Farmers, claiming that it was the insurer with the highest priority. MCL 500.3114(1) and (4); MSA 24.13114(1) and (4). In the alternative, plaintiff requested summary judgment against Transamer-

ica or Frankenmuth. *Id.* Subsequently, Franken-muth moved for summary disposition, claiming that it was the lowest priority insurer even if plaintiff was treated as an occupant of her moth-er's motor vehicle. *Id.* Transamerica also moved for summary disposition, claiming that plaintiff was no longer a resident relative of its insured (i.e., plaintiff's brother-in-law) when she moved into the Tireman apartment and, therefore, it was not obligated to pay no-fault benefits. MCL 500.3114(1); MSA 24. 13114(1).

Farmers responded to these motions by claiming that Transamerica was equal in priority to it because plaintiff was a resident relative of its insured. MCL 500.3114(1) and (4); MSA 24.13114(1) and (4). Farmers also claimed that it was not liable because plaintiff's marriage was fraudulently en-tered into to avoid the immigration laws and because Mohamad had materially misrepresented his marital status. Hence, Farmers argued that either Transamerica or Frankenmuth was liable. *Id.*

The circuit court ruled that the court must decide the issue of plaintiff's residence and then it held that plaintiff was no longer a resident rela-tive under Transamerica's policy at the time of the accident. Moreover, because Farmers failed to pro-vide the circuit court with any authority on point, it ruled that Farmers' mere claim that plaintiff's marriage was fraudulent because its purpose was to avoid the immigration laws was insufficient to show that plaintiff's marriage was void.

Farmers first claims that the circuit court erred when it ruled that the issue of plaintiff's domicile was a matter of law for it to decide. Farmers then argues that a jury question was presented because there was a factual dispute as to whether plaintiff was a resident relative of her sister and brother-in-

law when the accident occurred. We believe that the circuit court properly ruled that plaintiff's domicile could be determined as a matter of law. *Hartzler v Radeka,* 265 Mich 451; 251 NW 554 (1933). Moreover, we believe that the circuit court properly applied the factors in *Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477, 496-497; 274 NW2d 373 (1979), and *Dairyland Ins Co v Auto-Owners Ins Co,* 123 Mich App 675; 333 NW2d 322 (1983), and, therefore, correctly ruled that plaintiff was not domiciled in her brother-in-law's and sister's flat at the time the accident occurred, but was instead domiciled in the Tireman apartment. Hence, the circuit court properly granted Transamerica's motion for summary disposition.

Farmers next claims that plaintiff was not Mohamad's legal spouse because there is a factual issue as to whether their marriage was a sham entered into for the purpose of avoiding the immigration laws. Farmers relies on 8 USC 1251(c). We believe that this section does not apply. *Id. Ciani v Adkins,* 126 F Supp 828 (ND Tex, 1954). But now see 8 USC 1186a. In any event, we believe that Farmers' allegations are insufficient to create a genuine issue of material fact as to whether plaintiff's and Mohamad's marriage was a sham. Plaintiff testified that she and Mohamad lived together as husband and wife in their own apartment and Mohamad testified that it was plaintiff's subsequent involvement with another man that ended their marriage. Farmers produced no evidence that plaintiff and Mohamad did not intend to live as husband and wife after their marriage. Compare *United Services Automobile Ass'n v Akers,* 729 P2d 495 (Nev, 1986).

Finally, Farmers claims that plaintiff is not entitled to no-fault benefits pursuant to the policy issued to Mohamad because he materially misrep-

resented his marital status. Even assuming that Mohamad committed fraud, we do not believe that this precludes recovery by plaintiff, an innocent party. *Darnell v Auto-Owners Ins Co,* 142 Mich App 1; 369 NW2d 243 (1985). Consequently, the circuit court properly granted plaintiff's motion for summary disposition against Farmers and, therefore, properly granted Frankenmuth's motion for summary disposition because Frankenmuth was the lower priority insurer pursuant to MCL 500.3114(4); MSA 24.13114(4).

Affirmed.