FOWLER v AUTO CLUB INSURANCE ASSOCIATION

Docket No. 232688. Submitted September 11, 2002, at Detroit. Decided December 6, 2002, at 9:10 A.M.

Ray L. Fowler brought an action in the Oakland Circuit Court against Auto Club Insurance Association, the no-fault insurer of his mother, seeking first-party personal protection insurance benefits as a relative domiciled in his mother's household. The plaintiff lived in a carriage house apartment that he rented from his parents and that was located next to his parents' house. The carriage house and the main house had a shared address. The carriage house had its own entrance, set of locks, walkway, and service for water, electricity, gas, and telephone. The court, Nanci J. Grant, J., granted summary disposition for the defendant, ruling as a matter of law that the plaintiff was not domiciled in his parents' household. The plaintiff appealed.

The Court of Appeals *held*:

Factors relevant to deciding whether a person is domiciled in the same household as the insured include the subjective or declared intent of the claimant to remain indefinitely in the insured's household, the formality of the relationship between the claimant and the members of the household, whether the place where the claimant lives is in the same house, within the same curtilage, or upon the same premises as the insured, and the existence of another place of lodging for the person alleging domicile. When considering whether a child is domiciled with the child's parents, other relevant indicia include whether the child continues to use the parents' home as the child's mailing address, whether the child maintains some possessions with the parents, whether the child uses the parents' address on the child's driver's license or other documents, whether a room is maintained for the child at the parents' home, and whether the child is dependent upon the parents for support.

Given the facts of this case, the trial court correctly determined that the plaintiff was not domiciled in his parents' household and therefore was not entitled to benefits under his mother's no-fault policy.

Affirmed.

*Turner & Turner, P.C.* (by *Kevin T. Granader*), for the plaintiff.

*Schoolmaster, Hom, Killeen, Siefer & Arene* (by *Thomas J. Dombrowski*) (*John A. Lydick*, of counsel) for the defendant.

Before: SMOLENSKI, P.J., and TALBOT and WILDER, JJ.

PER CURIAM. This is an action for first-party no-fault insurance benefits. Plaintiff appeals as of right from an order granting summary disposition for defendant Auto Club Insurance Association under MCR 2.116(C)(10). We affirm.

Plaintiff was injured at work while repairing a truck. He did not own a car and did not have automobile insurance at the time of the accident. He sought personal protection insurance benefits under a no-fault policy issued by defendant to his mother as a relative domiciled in her household. MCL 500.3114(1). The trial court concluded that, as a matter of law, he was not domiciled in his parents' household. We agree.

This Court's review of a decision regarding a motion for summary disposition is de novo. *Spiek v Dep't of Transportation*, 456 Mich 331, 337; 572 NW2d 201 (1998). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a complaint. In deciding a motion brought under this subrule, the trial court considers the documentary evidence submitted by the parties in the light most favorable to the party opposing the motion. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). If the evidence fails to establish a genuine issue regarding any material fact,

the moving party is entitled to judgment as a matter of law. *Id.*

Generally, the determination of domicile is a question of fact. However, where, as here, the underlying facts are not in dispute, domicile is a question of law for the court. *Goldstein v Progressive Cas Ins Co*, 218 Mich App 105, 111-112; 553 NW2d 353 (1996); *Williams v State Farm Mut Automobile Ins Co*, 202 Mich App 491, 494-495; 509 NW2d 821 (1993). Several factors should be considered in determining domicile, and these factors should be weighed or balanced with each other because no one factor is determinative. *Univ of Michigan Regents v State Farm Mut Ins Co*, 250 Mich App 719, 730; 650 NW2d 129 (2002).

The relevant factors in deciding whether a person is domiciled in the same household as the insured include: (1) the subjective or declared intent of the claimant to remain indefinitely in the insured's household, (2) the formality of the relationship between the claimant and the members of the household, (3) whether the place where the claimant lives is in the same house, within the same curtilage, or upon the same premises as the insured, and (4) the existence of another place of lodging for the person alleging domicile. *Workman v DAIIE*, 404 Mich 477, 496-497; 274 NW2d 373 (1979).

When considering whether a child is domiciled with the child's parents, other relevant indicia include: (1) whether the child continues to use the parents' home as the child's mailing address, (2) whether the child maintains some possessions with the parents, (3) whether the child uses the parents' address on the child's driver's license or other documents, (4) whether a room is maintained for the child at the par-

ents' home, and (5) whether the child is dependent upon the parents for support. *Goldstein, supra* at 112, citing *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983).

In this case, at the time of the accident plaintiff was divorced, was approximately thirty years old, and lived with his girlfriend in a carriage house apartment located next to his parents' house. Plaintiff had lived in the carriage house apartment for more than three years before he was injured, and did not have any plans to move. The carriage house and the main house had a shared address; however, the carriage house had its own entrance, its own set of locks, and its own walkway. The apartment consisted of a kitchen, a bathroom, a living room, and four bedrooms. Plaintiff testified that the carriage house had its own water, electric, gas, and telephone service, and that he or his girlfriend paid the utility bills. Plaintiff paid his parents, who had keys to the carriage house, rent of $500 a month, although the rental agreement was not reduced to a writing. Until he was injured, plaintiff and his girlfriend both worked and they shared housekeeping, laundry, and grocery shopping responsibilities. Plaintiff performed lawn maintenance and snow removal for his parents, and had an informal relationship in which he was allowed full access to their home. Plaintiff and his parents often ate together.

We find that the trial court properly concluded that the carriage house residence was a self-sufficient, freestanding, and independent residence, and that after weighing the pertinent factors it was clear that plaintiff was not domiciled with his parents. Unlike the arrangement in *Workman*, the evidence in this

case established that plaintiff's living arrangement was independent from his parents' household. Plaintiff did not have a room in his parents' house, he did not rely on his parents for utilities or appliances, and plaintiff paid rent until he was injured. The fact that plaintiffs' parents had keys to the carriage house and that plaintiff stored items of personal property in his parents' house was insufficient in the face of the other evidence to make him a member of their household. *Dairyland, supra* at 684. On these facts, the trial court correctly determined as a matter of law that plaintiff was not domiciled in his parents' household and therefore was not entitled to benefits under his mother's no-fault policy.

Affirmed.