# Order

**Michigan Supreme Court**
**Lansing, Michigan**

November 30, 2010

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

138805

LORI CALDERON, as Guardian of ARTHUR
KRUMM, a Legally Incapacitated Person,
           Plaintiff/Counter-Defendant-
           Appellee,
and

FUNCTIONAL RECOVERY, INC.,
           Intervening Plaintiff/Appellee,
v

AUTO-OWNERS INSURANCE COMPANY,
           Defendant/Counter-Plaintiff-
           Appellant.
_____/

SC: 138805
COA: 283313
Wayne CC: 06-602100-NF

       On November 5, 2010, the Court heard oral argument on the application for leave to appeal the March 24, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

       MARKMAN, J. (*dissenting*).

       I respectfully dissent from the order denying defendant's application. Under no circumstances, in my judgment, could it be fairly said that, at the time of the accident in this case, Arthur Krumm was "domiciled in the same household" as his grandmother in Michigan for purposes of personal protection insurance under our no-fault act. Accordingly, I would reverse the judgment of the Court of Appeals and remand to the trial court for reinstatement of its order granting summary disposition in favor of defendant.

       Under Michigan's no-fault act, personal protection insurance benefits are available to "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." MCL 500.3114(1). "Domicile [is] that place where a person has voluntary fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Henry v Henry*, 362 Mich 85, 101-102 (1960) (citation omitted). "Generally, the determination of domicile is a question of fact. However,

where . . . the underlying facts are not in dispute, domicile is a question of law for the court." *Fowler v Auto Club Ins Assn*, 254 Mich App 362, 364 (2002).

The facts here are not in dispute. Krumm, who was born and raised in Michigan by his grandmother, abandoned his ties to Michigan and moved to Arkansas in 2002, with his wife and children, where he lived and worked for 13 months prior to his accident. In each of his many encounters with Arkansas public safety authorities, Krumm identified himself as an Arkansas resident with an Arkansas address. Indeed, as best as it can be discerned from the record, from approximately 1993 to 1998, Krumm had only lived intermittently with his grandmother, and from 1999 to 2002, numerous police reports indicate that he had not lived with his grandmother. Then, in May of 2003, while searching for work in North Carolina, Krumm was injured in the accident. Krumm's legal guardian brought suit against defendant Auto-Owners claiming that he was entitled to first-party benefits under his grandmother's policy because he had been domiciled in her home. After extensive discovery, the trial court granted defendant's motion for summary disposition, holding that Krumm was not "domiciled in the same household" as his grandmother. Yet, based on statements that Krumm intended to return to Michigan at some uncertain time in the future, the Court of Appeals held that a question of fact existed as to whether Krumm had been domiciled in Michigan.

By denying leave to appeal, the majority leaves intact a lower court decision that holds that a 29-year-old married man with children, who had been living in another state for a significant period of time, may be considered "domiciled" in Michigan. Even viewing the evidence in a light most favorable to plaintiff, hearsay statements that Krumm intended to return to Michigan do not provide a reasonable basis for finding that he was "domiciled in the same household" as his grandmother. An intent to return to his grandmother's house at some indefinite time in the future, or "some day," is insufficient to find that Krumm was "domiciled in the same household" as his grandmother, in light of the understanding of domicile as that place where a person has the "*present* intention" of making his home. If evidence that a person has been "contemplating," "mulling over," "pondering," or "speculating about," the idea of returning to a place at which he lived intermittently in the past is deemed adequate to sustain a finding of domicile, then traditional notions of this concept will be eroded. The financial consequences of the majority's creative understanding of "domicile" will, of course, be borne by policy holders in Michigan through higher premiums.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

November 30, 2010

_____
Clerk

p1124