# Order

**Michigan Supreme Court**
**Lansing, Michigan**

December 7, 2010

138805

LORI CALDERON, as Guardian of ARTHUR
KRUMM, a Legally Incapacitated Person,
          Plaintiff/Counter-Defendant-
          Appellee,
and

FUNCTIONAL RECOVERY, INC.,
          Intervening Plaintiff/Appellee,

v

AUTO-OWNERS INSURANCE COMPANY,
          Defendant/Counter-Plaintiff-
          Appellant.
_____/

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway
Alton Thomas Davis,
Justices

SC: 138805
COA: 283313
Wayne CC: 06-602100-NF

On November 5, 2010, the Court heard oral argument on the application for leave to appeal the March 24, 2009 judgment of the Court of Appeals. On order of the Court, the application is again considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.

KELLY, C.J. (*concurring*).

I concur in the Court's order denying Auto-Owners Insurance Company's application for leave to appeal. I write separately to respond to the dissent. It suggests that the issue of domicile should be decided as a matter of law because the facts "are not in dispute." However, material facts are in dispute.

Arthur Krumm, age 29, was severely injured when a car in which he was a passenger was involved in a single-car accident in North Carolina on May 16, 2003. Krumm had no automobile insurance, and the driver of the car was not insured under a Michigan no-fault policy. As a result of the accident, Krumm sustained traumatic brain injuries, and plaintiff, Krumm's sister, was appointed as his legal guardian. Krumm's condition apparently prevented him from giving a deposition or otherwise explaining where he was domiciled at the time of the accident.

Auto-Owners initially paid no-fault benefits arising from Krumm's injuries based on the theory that he was domiciled in Fife Lake, Michigan, with his grandmother, who had a no-fault policy with defendant.[1] However, it discontinued the benefits and asserted that Krumm was not entitled to them because he was not domiciled with his grandmother. Plaintiff sued Auto-Owners seeking personal protection insurance benefits and underinsured motorist benefits under Krumm's grandmother's policy. The trial court granted Auto-Owners' motion for summary disposition, and the Court of Appeals reversed.

In concluding that the Court of Appeals erred in reversing the trial court's grant of summary disposition, the dissent focuses mainly on Krumm's domiciliary intent. However, additional factors must be weighed when determining a person's domicile for purposes of MCL 500.3114(1) including: (1) the formality or informality of the relationship between the claimant and members of the insured's household; (2) whether the claimant lives in the same house, within the same curtilage, or on the same premises as the insured; (3) the existence or lack of another lodging for the claimant; (4) the claimant's mailing address; (5) whether the claimant maintains possessions at the insured's home; (6) whether the insured's address appears on the claimant's driver's license; (7) whether the claimant has a bedroom in the insured's home; and (8) whether the claimant is dependent on the insured for financial support. *Workman v Detroit Auto Inter-Insurance Exchange*, 404 Mich 477, 496-97 (1979); *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675 (1983).

The facts pertinent to these factors add additional support to plaintiff's assertion that Krumm was domiciled with his grandmother in Michigan at the time of the accident. Plaintiff submitted evidence that (1) Krumm's grandmother's relationship to Krumm was actually that of a mother rather than grandmother. Krumm's grandmother adopted him when he was a young boy and raised him; (2) Krumm visited Arkansas only periodically and always returned to his grandmother's house in Michigan; (3) Krumm was estranged from his wife. He did not have a residence in Arkansas, but moved from place to place, living a transient lifestyle; (4) Krumm received mail at his grandmother's address in Michigan; (5) Krumm kept possessions at his grandmother's house; (6) Krumm did not have a driver's license in any state, but he had a Michigan ID card and a voter's registration card both listing his grandmother's address in Michigan; and (7) Krumm had his own bedroom in his grandmother's house.

By focusing on the first factor, Krumm's domiciliary intent, the dissent fails to consider the evidence that plaintiff presented in opposition to the motion for summary disposition. This ignores the standard of review a court must use when a defendant seeks

---

[1] MCL 500.3114(1) provides that a person with injuries arising from a motor vehicle accident may claim Michigan no-fault benefits under the policy of a spouse or relative domiciled in the same household.

summary disposition under MCR 2.116(C)(10). The court must review the evidence submitted by the parties in the light most favorable to the party opposing the motion. *West v General Motors Corp*, 469 Mich 177, 183 (2003). In this case, plaintiff presented material facts that created a genuine issue when opposing the summary disposition motion. The facts must be viewed in the light most favorable to plaintiff.

Moreover, the dissent also errs in its summary of the evidence involving plaintiff's intent. Because the accident incapacitated Krumm, he was unable to testify about where he was domiciled. Friends and family members gave deposition testimony regarding his domiciliary intent. It was conflicting. Some witnesses testified that plaintiff intended to remain in Arkansas, at least temporarily, and some testified that he intended to return to his grandmother's. As the Court of Appeals noted: "There was no evidence presented that Krumm planned to remain in Arkansas permanently, but there was evidence presented from multiple sources that Krumm intended to move back to Michigan and verbally declared that intent." *Calderon v Auto-Owners Ins Co*, unpublished opinion per curiam of the Court of Appeals, issued March 24, 2009 (Docket No. 283313).

The totality of evidence, viewed in the light most favorable to plaintiff, may not prove that Krumm resided with his grandmother. However, it provides a basis for a reasonable jury to conclude that he was domiciled with her at the time of the accident. Given the conflicting evidence regarding domiciliary intent and considering the other *Workman-Dairyland* factors, a genuine issue of material fact exists about Krumm's domicile. It should be submitted to a jury. I agree with the Court of Appeals that summary disposition should not have been granted.

MARKMAN, J. (*dissenting*).

I respectfully dissent from the order denying defendant's application. Under no circumstances, in my judgment, could it be fairly said that, at the time of the accident in this case, Arthur Krumm was "domiciled in the same household" as his grandmother in Michigan for purposes of personal protection insurance under our no-fault act. Accordingly, I would reverse the judgment of the Court of Appeals and remand to the trial court for reinstatement of its order granting summary disposition in favor of defendant.

Under Michigan's no-fault act, personal protection insurance benefits are available to "the person named in the policy, the person's spouse, and a relative of either domiciled in the same household . . . ." MCL 500.3114(1). "Domicile [is] that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Henry v Henry*, 362 Mich 85, 101-102 (1960) (citation omitted). "Generally, the determination of domicile is a question of fact. However,

where . . . the underlying facts are not in dispute, domicile is a question of law for the court." *Fowler v Auto Club Ins Assn*, 254 Mich App 362, 364 (2002).

The facts here are not in dispute. Krumm, who was born and raised in Michigan by his grandmother, abandoned his ties to Michigan and moved to Arkansas in 2002, with his wife and children, where he lived and worked for 13 months prior to his accident. In each of his many encounters with Arkansas public safety authorities, Krumm identified himself as an Arkansas resident with an Arkansas address. Indeed, as best as it can be discerned from the record, from approximately 1993 to 1998, Krumm had only lived intermittently with his grandmother, and from 1999 to 2002, numerous police reports indicate that he had not lived with his grandmother. Then, in May of 2003, while searching for work in North Carolina, Krumm was injured in the accident. Krumm's legal guardian brought suit against defendant Auto-Owners claiming that he was entitled to first-party benefits under his grandmother's policy because he had been domiciled in her home. After extensive discovery, the trial court granted defendant's motion for summary disposition, holding that Krumm was not "domiciled in the same household" as his grandmother. Yet, based on statements that Krumm intended to return to Michigan at some uncertain time in the future, the Court of Appeals held that a question of fact existed as to whether Krumm had been domiciled in Michigan.

By denying leave to appeal, the majority leaves intact a lower court decision that holds that a 29-year-old married man with children, who had been living in another state for a significant period of time, may be considered "domiciled" in Michigan. Even viewing the evidence in a light most favorable to plaintiff, hearsay statements that Krumm intended to return to Michigan do not provide a reasonable basis for finding that he was "domiciled in the same household" as his grandmother. An intent to return to his grandmother's house at some indefinite time in the future, or "some day," is insufficient to find that Krumm was "domiciled in the same household" as his grandmother, in light of the understanding of domicile as that place where a person has the "*present* intention" of making his home. If evidence that a person has been "contemplating," "mulling over," "pondering," or "speculating about," the idea of returning to a place at which he lived intermittently in the past is deemed adequate to sustain a finding of domicile, then traditional notions of this concept will be eroded. The financial consequences of the majority's creative understanding of "domicile" will, of course, be borne by policy holders in Michigan through higher premiums.

Despite the Chief Justice's assertion to the contrary, the facts here are not "in dispute," only their relevance. Her concurring statement identifies a laundry-list of factors drawn from case-law that may or may not be relevant in particular cases in determining domicile, and asserts that I have failed in this dissent to mention each of these. However, even the Chief Justice's enumeration of factors falls well short of identifying the "totality of circumstances" that conceivably could be relevant in the determination of a domicile. There is no end to the universe of factors that could be

relevant to such a determination in a proper case. However, what is dispositive here is the *standard* by which domicile is determined — domicile exists only in that place "where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." I have set forth the entirety of factors that, in my judgment, conduce toward a finding that domicile — wherever it obtained for Krumm at the time of the accident — did *not* obtain at his grandmother's house in Michigan. I do not believe that a reasonable finder of fact could have aggregated the factors collected by the Chief Justice to reasonably conclude any differently.

CORRIGAN, J., joins the statement of MARKMAN, J.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

December 7, 2010

Clerk