GRANGE INSURANCE COMPANY OF MICHIGAN v LAWRENCE

Docket No. 303031. Submitted April 13, 2012, at Grand Rapids. Decided
April 24, 2012, at 9:00 a.m. Leave to appeal granted, 493 Mich 851.

Grange Insurance Company of Michigan brought an action in the
Muskegon Circuit Court seeking a declaratory judgment regard-
ing, in part, its duty under a no-fault insurance policy issued to
Edward Lawrence to reimburse Farm Bureau General Insurance
Company of Michigan for first-party personal protection insurance
benefits it paid following the death of Josalyn Lawrence, a minor,
as a result of an automobile accident. The accident occurred while
Josalyn's mother, Laura Rosinski, was driving a vehicle insured by
Farm Bureau. Edward Lawrence, Josalyn's father, and Rosinski
were divorced at the time of the accident and shared joint legal
custody of the child, although Rosinski had primary physical
custody. Grange Insurance had denied Farm Bureau's request for
reimbursement on the basis of the definition of "family member"
in its policy, which provided that if "a court has adjudicated that
one parent is the custodial parent, that adjudication shall be
conclusive with respect to the minor child's principal residence."
Grange Insurance thus claimed that Josalyn was not "domiciled in
the same household" as Edward Lawrence. The court, Timothy G.
Hicks, J., determined that the evidence showed that the child
resided with both parents and granted summary disposition in
favor of Farm Bureau, ordering Grange Insurance to reimburse
Farm Bureau 50 percent of the amount of the benefits it had paid.
Grange Insurance appealed.

The Court of Appeals *held*:

1. The terms "domicile" and "residence" are legally synony-
mous for purposes of the no-fault act.

2. The phrase "domiciled in the same household" in MCL
500.3114(1) does not have a fixed meaning and its meaning varies
with the circumstances.

3. The undisputed circumstances of this case established that
Josalyn was domiciled in the homes of each of her parents. The
issue of domicile was properly determined as a question of law by
the trial court because the undisputed evidence showed that

Josalyn resided with both her parents. The trial court did not err by granting summary disposition in favor of Farm Bureau.

4. Because the disputed provision in Grange Insurance's policy would limit its obligation where the no-fault act does not, the provision is invalid.

Affirmed.

1. INSURANCE — NO-FAULT — WORDS AND PHRASES — DOMICILE — RESIDENCE.

The terms "domicile" and "residence" are legally synonymous for purposes of the no-fault insurance act (MCL 500.3101 *et seq.*).

2. INSURANCE — NO-FAULT — WORDS AND PHRASES — DOMICILED IN THE SAME HOUSEHOLD.

Factors to consider in determining if a person is "domiciled in the same household" as the named insured include (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite time, in the place the person contends is the person's domicile or household, (2) the formality of the relationship between the person and the members of the household, (3) whether the place where the person lives is in the same house, the same curtilage, or upon the same premises as the insured, and (4) whether the person has another place of lodging; additional factors for determining if a minor child is domiciled with the child's parents include whether the child continues to use the parent's home as the child's mailing address, maintains some possessions there, uses the parent's address on the child's driver's license or other documents, and whether a room is maintained for the child at the parents' home and the child is dependent upon the parents for support (MCL 500.3114[1]).

3. INSURANCE — NO-FAULT — WORDS AND PHRASES — DOMICILED IN THE SAME HOUSEHOLD.

The phrase "domiciled in the same household" in MCL 500.3114(1) of the no-fault insurance act does not have a fixed meaning; its meaning may vary with the circumstances; the phrase does not limit the minor child of divorced parents to one domicile and does not define a "domicile" as a "principal residence" (MCL 500.3114[1]).

*Bremer & Nelson LLP* (by *Ann M. Byrne*) for Grange Insurance Company of Michigan.

*Bleakley, Cypher, Parent, Warren & Quinn, P.C.* (by *Michael D. Ward*), for Farm Bureau General Insurance Company of Michigan.

Before: BECKERING, P.J., and OWENS and RONAYNE KRAUSE, JJ.

PER CURIAM. In this case, involving personal protection insurance benefits under the Michigan no-fault act, MCL 500.3101 *et seq.*, plaintiff, Grange Insurance Company of Michigan, appeals as of right the order regarding motions for summary disposition. We affirm.

On September 24, 2009, Laura Rosinski was driving with her minor child, Josalyn Lawrence, in a vehicle insured by Farm Bureau General Insurance Company of Michigan. They were in a motor vehicle accident that resulted in the death of Josalyn. At the time of the accident, Josalyn's parents, Edward Lawrence and Rosinski, were divorced. Pursuant to the judgment of divorce, the parents shared joint legal custody but Rosinski had primary physical custody. Although Josalyn slept at Rosinski's home during the week, Edward saw Josalyn almost every day. Josalyn had a room and personal belongings at Edward's home, although her pets were at Rosinski's home. Josalyn usually stayed with Edward every other weekend, but Edward and Rosinski were flexible with their parenting agreement. There was no intention of changing this parenting-time arrangement. Edward also took Josalyn on vacations in the summer. The small amount of mail Josalyn received went to Rosinski's home. Rosinski's address was usually listed as Josalyn's home address.

At the time of the accident, Edward was a named insured on an automobile policy, which included personal protection insurance, with plaintiff. Rosinski was the named insured on an automobile policy, which included personal protection insurance, with defendant Farm Bureau. Farm Bureau paid first-party benefits on behalf of Josalyn and claimed plaintiff was equal in

priority and should pay a portion of the benefits. Plaintiff denied Farm Bureau's request for reimbursement. Plaintiff's policy included a provision within the definition of "[f]amily member," stating that "[i]f a court has adjudicated that one parent is the custodial parent, that adjudication shall be conclusive with respect to the minor child's principal residence."

The instant lawsuit was initiated when plaintiff filed a complaint for declaratory relief, seeking an adjudication of whether Josalyn was an "insured" under its policy for purposes of the Michigan no-fault act, MCL 500.3101 *et seq.*

The trial court granted summary disposition in favor of Farm Bureau and determined that plaintiff was liable for 50 percent of the first-party benefits paid by Farm Bureau. On appeal, plaintiff argues that the trial court erred because no Michigan law recognizes dual domiciles for a minor child of divorced parents for purposes of the no-fault act and the trial court incorrectly applied the facts to the law. We disagree.

A trial court's decision to grant or deny a motion for summary disposition is reviewed de novo. *Latham v Barton Malow Co*, 480 Mich 105, 111; 746 NW2d 868 (2008) (citation omitted). Summary disposition pursuant to MCR 2.116(C)(10) is proper "if there is no genuine issue regarding any material fact and the moving party is entitled to judgment as a matter of law." *Id.* Questions of statutory interpretation are questions of law that are reviewed de novo. *O'Neal v St John Hosp & Med Ctr*, 487 Mich 485, 493; 791 NW2d 853 (2010) (citation omitted). "[W]here contract language is neither ambiguous, nor contrary to the no-fault statute, the will of the parties, as reflected in their agreement, is to be carried out, and thus the contract is enforced as written." *Cruz v State Farm Mut Auto Ins Co*, 466 Mich

588, 594; 648 NW2d 591 (2002) (citations omitted). The no-fault act is remedial and should be construed in favor of those it is intended to benefit. *Turner v Auto Club Ins Ass'n*, 448 Mich 22, 28; 528 NW2d 681 (1995) (citation omitted).

MCL 500.3114(1) provides that a personal protection insurance policy applies to the named insured, the insured's spouse, "and a relative of either domiciled in the same household . . . ." The Michigan Supreme Court has considered the phrase "domiciled in the same household" and determined that for purposes of the no-fault act, the terms "domicile" and "residence" are "legally synonymous." *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477, 495; 274 NW2d 373 (1979). To determine if someone is "domiciled in the same household" as an insured, the *Workman* decision articulated four factors to be considered:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or domicile" in the household. [*Id.* at 496-497 (citations omitted).]

Additional factors helpful when determining if a minor child is domiciled with the child's parents were articulated in *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983):

> Other relevant indicia of domicile include such factors as whether the claimant continues to use his parents' home as his mailing address, whether he maintains some possessions with his parents, whether he uses his parents' address on his driver's license or other documents, whether

a room is maintained for the claimant at the parents' home, and whether the claimant is dependent upon the parents for support.

There is nothing in MCL 500.3114(1) or *Workman* or *Dairyland* that limits a minor child of divorced parents to one domicile or defines domicile as a "principal residence." The *Workman* decision recognized that "domiciled in the same household," does not have a fixed meaning and may vary with the circumstances. *Workman*, 404 Mich at 495. The undisputed circumstances in the instant case establish that Josalyn was domiciled, meaning had a residence, in the homes of each of her parents. With regard to the *Workman* factors: (1) there was no evidence of an intention to change the parenting arrangement; (2) the same formal relationship existed between Josalyn and her two parents; (3) at both homes, Josalyn lived in the house; and (4) as to both homes, Josalyn had another place at which she stayed. With regard to the *Dairyland* factors: (1) what little mail Josalyn received came to Rosinski's home, (2) Josalyn had possessions at both homes, (3) Josalyn primarily used Rosinski's address, (4) Josalyn had a room at both homes, and (5) Josalyn was dependent on both parents for support.

The undisputed evidence clearly shows that Josalyn resided with both parents and, as such, the issue of domicile was properly determined as a question of law by the trial court. *Fowler v Auto Club Ins Ass'n*, 254 Mich App 362, 364; 656 NW2d 856 (2002). Although the judgment of divorce awarded Rosinski primary physical custody, that order does not change the fact that the evidence showed that Josalyn actually resided with both her parents, which is the relevant inquiry under the no-fault act. There remained no issue of material fact and the trial court did not err when it granted

summary disposition in favor of Farm Bureau on the issue of reimbursement. *Latham*, 480 Mich at 111.

Additionally, plaintiff argues that its policy provision, stating that a court's adjudication of custody is conclusive of a child's principal residence, should control. However, MCL 500.3114(1) does not impose a requirement that coverage extends only to a relative whose "principal residence" is with the insured. "To the degree that the contract is in conflict with the statute [the no-fault act], it is contrary to public policy and, therefore, invalid." *Cruz*, 466 Mich at 601. In this case, because plaintiff's policy would limit plaintiff's obligation where the no-fault act does not, that provision is invalid.

Affirmed.

BECKERING, P.J., and OWENS and RONAYNE KRAUSE, JJ., concurred.