HARTZLER *v*. RADEKA.

1. DOMICILE—PLACE—QUESTION OF FACT—QUESTION OF LAW.
   Question of fact is presented for jury when the place of domicile is in dispute but where it is not in dispute, question of domicile is one of law.

2. SAME—HOME.
   Domicile is place where one has his home, with no intention of removing, and to which he intends to return after going elsewhere.

3. SAME—RESIDENCE.
   Residence and domicile are used as synonymous terms in Michigan.

4. CHATTEL MORTGAGES—FILING—MOTORBOAT.
   Chattel mortgage on motorboat was properly filed in clerk's office in both the township where owner resided and where boathouse storing it was located.

5. SAME—LEVY—DOMICILE OF MORTGAGOR.
   Question of fact was properly left to jury as to whether chattel mortgagor's domicile was in township where mortgage was filed before levy under judgment against mortgagor.

Appeal from Cass; Warner (Glenn E.), J. Submitted October 4, 1933. (Docket No. 34, Calendar No. 37,359.) Decided December 19, 1933.

Case by Leonard Hartzler against Emil Radeka, Robert Kennedy and Arthur Shattuck for conversion of a motorboat by reason of levy made thereon January 8, 1932, in Calvin township. Verdict and judgment for plaintiff. Defendants appeal. Affirmed.

*Burns & Hadsell,* for plaintiff.

*Stuart B. White,* for defendants.

Weadock, J.   Plaintiff owned a motorboat and launch which he valued at $1,500, the title to which he acquired through a chattel mortgage on same given by Carleton W. Morgan and wife, dated December 15, 1930, and filed February 19, 1931, in the clerk's office of Penn township, and also in Calvin township, Cass county, January 20, 1932.

Defendant Radeka obtained a judgment against Carleton W. Morgan, and Robert Kennedy, undersheriff, levied on the boat and sold it for $300 to defendant Radeka, the judgment creditor.   Before the sale notice was given in writing to the sheriff, and undersheriff Kennedy by Harriet E. Morgan, that she owned the boat and forbade the levy and sale.

The question of domicile when the facts are settled is one of law, and when the place of domicile is disputed, as it was in this case, the court might properly submit the question of fact to a jury.

Domicile is the place where a person has his home, with no present intention of removing, and to which he intends to return after going elsewhere for a longer or shorter time.

Residence has a more restricted meaning and may be the place where he lives while engaged in work or duty which keeps him away from his domicile. In Michigan the terms are used as synonymous. *Gluc* v. *Klein,* 226 Mich. 175.

The mortgagor, Carleton W. Morgan, testified that when he gave the mortgage to plaintiff "his home was in Penn township." He was engaged elsewhere for a time at a filling station, to which he took nothing but his clothes.

The mortgage was filed in Penn township and when the boat was in the water it was in that township, and when in the boathouse it was in Calvin township, and so the mortgage was properly filed in the clerk's office in each township.

The jury found as a fact that Morgan's home when the mortgage was given was in Penn township. The court denied defendants' motion for a directed verdict in their favor and affirmed the finding of the jury, as a matter of law, by rendering judgment for plaintiff, which is affirmed, with costs of both courts.

McDONALD, C. J., and POTTER, SHARPE, NORTH, FEAD, WIEST, and BUTZEL, JJ., concurred.