DAIRYLAND INSURANCE COMPANY v AUTO-OWNERS
INSURANCE COMPANY

Docket No. 55895. Submitted March 4, 1982, at Grand Rapids.—
Decided March 8, 1983.

Plaintiff, Dairyland Insurance Company, paid Thomas Sterly
personal injury protection benefits as a result of injuries sus-
tained by Sterly in an accident which occurred while he was a
passenger in an automobile owned and being driven by plain-
tiff's insured, James Leach. A no-fault insurance policy issued
by defendant, Auto-Owners Insurance Company, to Thomas
Sterly's mother, Betty Sterly, was in force at the time of the
accident. Plaintiff, as subrogee of Thomas Sterly, then brought
an action in the Kent Circuit Court seeking reimbursement for
the benefits paid. Plaintiff claimed that defendant's policy
provided personal injury protection coverage to Thomas Sterly
under the no-fault act's provision stating that such policy
applies to accidental bodily injury to the person named in the
policy, the person's spouse, and a relative of either domiciled in
the same household. Plaintiff alleged that the 20-year old
Sterly was domiciled in his mother's household in Harbor
Springs, although he was living with his sister and grandfather
in the grandfather's trailer in Petoskey at the time of the
accident. Alternately, plaintiff alleged that if Thomas Sterly

REFERENCES FOR POINTS IN HEADNOTES
[1, 2, 4] 7 Am Jur 2d, Automobile Insurance § 189.
[2] Who is "member" or "resident" of same "family" or "household,"
within no-fault or uninsured motorist provisions of motor vehicle
insurance policy. 96 ALR3d 804.
   Who is "resident" or "member" of same "household" or "family" as
   named insured, within liability insurance provision defining addi-
   tional insureds. 93 ALR3d 420.
   Validity and construction of "no-fault" automobile insurance plans.
   42 ALR3d 229.
[3] 5 Am Jur 2d, Appeal and Error §§ 772-775.
   75 Am Jur 2d, Trial § 361.
[5, 7] 7 Am Jur 2d, Automobile Insurance §§ 236, 354.
   Who is "named insured" within meaning of automobile insurance.
   91 ALR3d 1280.
[6] 7 Am Jur 2d, Automobile Insurance §§ 2-4.

was domiciled in the household in Petoskey the policy covered him because his sister should be considered a person named in defendant's policy. The trial court, Woodrow A. Yared, J., found that plaintiff was not entitled to recovery under either theory and entered a judgment accordingly. Plaintiff appeals. *Held:*

1. The facts support the trial court's finding that Thomas Sterly was not domiciled in the same household with his mother for the purpose of determining coverage under her policy. At the time of the accident he had not lived with his mother for six months and was not dependent upon her for support, he liked living with his grandfather and expected to do so indefinitely and he had no precise plans or expectations of returning to his mother's home. The fact that he stored some of his belongings at his mother's home, used her address as his mailing address, and knew that he would return to live with her if forced to do so by adverse circumstances is insufficient to constitute him a member of his mother's household.

2. All relevant factors must be considered in ascertaining domicile. Such a determination is a question of fact for trial court resolution, and the Court of Appeals will not reverse where, as here, the evidence does not clearly preponderate in the opposite direction.

3. The named insured on defendant's policy was Thomas Sterly's mother. There is no distinction between the phrases "the person named in the policy" and "the named insured". Thomas Sterly's sister was not "the person named in the policy" by virtue of the code designation contained in the policy indicating that the driver of one of the insured vehicles was an unmarried female under the age of 21. It would be illogical to interpret the code designation, dealing with risk classification, as the equivalent of naming an insured.

Affirmed.

1. DOMICILE — RESIDENCE.

Domicile and residence are generally synonymous terms and, for purposes not involving insurance law, have been defined as the place where a person has his home, with no present intention of removing, and to which he intends to return after going elsewhere for a longer or shorter time.

2. INSURANCE — DOMICILE — HOUSEHOLD.

The term "domiciled in the same household" has no absolute or fixed meaning for purposes of the no-fault act and must be viewed flexibly in the context of the numerous factual settings

possible; the Court of Appeals has held that persons domiciled may include those who are not actually living in the same household as the insured such as estranged spouses and children living with estranged spouses (MCL 500.3114; MSA 24.13114).

3. DOMICILE — QUESTIONS OF FACT.

The determination of domicile is a question of fact for trial court resolution; all relevant factors must be considered in making such determination and the Court of Appeals will not reverse a trial court's determination in this regard where the evidence does not clearly preponderate in the opposite direction.

4. INSURANCE — WORDS AND PHRASES — DOMICILE — RESIDENCE.

Among the factors to be considered in determining whether a claimant is "domiciled in the same household" as an insured are: (1) the subjective or declared intent of the claimant to remain, either permanently or for an indefinite time, in the household, (2) the formality of the relationship between the claimant and the members of the household, (3) whether the claimant lives in the same house, within the same curtilage, or upon the same premises as the insured, (4) whether the claimant has another place of lodging, (5) whether the claimant continues to use the insured's address as his mailing address, on his driver's license, and on other documents, (6) whether the claimant maintains some possessions with the insured, (7) whether a room is maintained for the claimant at the insured's home, and (8) whether the claimant is dependent upon the insured for support; each factor is to be weighed and balanced with the others since no one factor is, by itself, determinative.

5. INSURANCE — NO-FAULT INSURANCE — NAMED INSURED.

The terms "the named insured" and "the person named in the policy" are interchangeable when referring to the person named in the policy under the provision in the no-fault act pertaining to accidental bodily injury to the named insured (MCL 500.3114; MSA 24.13114).

6. INSURANCE — JUDICIAL CONSTRUCTION.

Insurance policy language must be construed according to its ordinary, plain meaning.

7. INSURANCE — NO-FAULT INSURANCE — NAMED INSURED — CODE DESIGNATIONS.

A code designation in an insurance policy dealing with a risk classification is not to be interpreted as the equivalent of naming an insured where the provision of the no-fault act

pertaining to accidental bodily injury to the named insured is sought to be applied (MCL 500.3114; MSA 24.13114).

*Landman, Luyendyk, Latimer, Clink & Robb* (by *Stanley J. Stek)*, for plaintiff.

*Linsey, Strain & Worsfold, P.C.,* (by *Patrick D. Murphy)*, for defendant.

Before: D. F. WALSH, P.J., and CYNAR and W. F. HOOD,* JJ.

W. F. HOOD, J. Plaintiff appeals as of right from a judgment denying plaintiff's claim for reimbursement from defendant for personal injury protection benefits paid by plaintiff to Thomas Sterly. The benefits consisted of $41,343.79 for medical expenses and $4,668.80 for lost wages resulting from injuries Sterly sustained in an accident which occurred while he was a passenger in an automobile owned and being driven by plaintiff's insured, James Leach.

At the time of the accident there was in force a no-fault insurance policy issued by defendant to Thomas Sterly's mother, Betty Sterly. Citing MCL 500.3114; MSA 24.13114, which reads in pertinent part:

"(1) Except as provided in subsections (2), (3), and (5), a personal protection insurance policy * * * applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household * * *."

Plaintiff claims that defendant's policy provided personal injury protection coverage to Thomas Sterly under one of two alternate theories. The

---

* Circuit judge, sitting on the Court of Appeals by assignment.

first theory is that although at the time of the accident Thomas Sterly was living with his sister and grandfather in the grandfather's trailer in Petoskey he was nevertheless domiciled in his mother's household in Harbor Springs. Alternately, if he was domiciled in the household of his grandfather and sister in Petoskey, the policy covered him because his sister should be considered a person named in defendant's policy. The trial court found that plaintiff was not entitled to recover under either theory. We affirm.

The first issue presented is whether the trial court correctly ruled that at the time of the accident Sterly was not domiciled in the same household with his mother.

The testimony disclosed that Sterly was 20 years old at the time of the accident, which occurred August 17, 1978. In the summer of 1977, a year after his graduation from high school, he left his mother's home for his brother's farm, where he lived and worked until November, and then went to Detroit. His employment there proved unsatisfactory and he returned in early 1978 to his mother's home in Harbor Springs. About a month later he moved to his grandfather's trailer home, where his sister also lived, in Petoskey. He took with him only his clothes and what he needed for his day to day existence, leaving his stereo and some other items of property with his mother. His reasons for leaving his mother's home were to be closer to his work and to his friends, and also because of some differences with his mother and some incompatibility with his mother's live-in companion. He had lived in the grandfather's trailer more than six months at the time of the accident. He ate his meals there (except for the meals he obtained at the restaurant where he was employed) slept there, and traveled from there to his job and back.

He was satisfied with the arrangement and had no plans to terminate it. He received no support of any kind from his mother. Nevertheless, he retained his mother's address as his official address for such things as his bank statements and driver's license. He knew that he could and probably would return to his mother's home if he lost his job or if some other contingency occurred.

Domicile and residence in Michigan are generally synonymous terms and, for purposes not involving insurance law, have been defined as "the place where a person has his home, with no present intention of removing, and to which he intends to return after going elsewhere for a longer or shorter time". *Hartzler v Radeka,* 265 Mich 451, 452; 251 NW 554 (1933). See, also, *Leader v Leader,* 73 Mich App 276; 251 NW2d 288 (1977).

*Workman v Detroit Automobile Inter-Ins Exchange,* 404 Mich 477; 274 NW2d 373 (1979), is the only Michigan Supreme Court case interpreting the term "domicile" for the purposes of the no-fault act. That decision began its analysis by pointing out that for insurance purposes the term "domiciled in the same household" has no absolute or fixed meaning, and must be viewed flexibly in the context of the numerous factual settings possible. *Workman,* pp 495-496. The Court further stated that in determining whether a person is "domiciled in the same household" as an insured, the courts of this and other states have articulated a number of factors, no one of which is, by itself, determinative. Each factor is to be weighed and balanced with the other. The Court went on to say:

"Among the relevant factors are the following: (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his 'domicile'

or 'household' * * *; (2) the formality or informality of the relationship between the person and the members of the household * * *; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises * * *; (4) the existence of another place of lodging by the person alleging 'residence' or 'domicile'." *Workman,* pp 496-497. (Citations and footnote omitted.)

Based upon these factors *Workman* upheld the trial court's finding that a daughter-in-law who lived with her husband in a trailer within the curtilage of the house of her father-in-law, the named insured, was "domiciled in the same household" with the named insured.

In ascertaining domicile for purposes of the no-fault act, our Court has held that persons domiciled may include those who are not actually living in the same household as the insured. Specifically, it has been held that estranged spouses and children living with estranged spouses qualify for protection even though living apart from the named insured. *Bierbusse v Farmers Ins Group of Companies,* 84 Mich App 34; 269 NW2d 297 (1978); *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975). However, this Court has not had the opportunity to consider the particular problems posed by young people departing from the parents' home and establishing new domiciles as part of the normal transition to adulthood and independence. This case, therefore, presents a question of first impression in this jurisdiction.

All relevant factors must be considered in ascertaining domicile. *Montgomery v Hawkeye Security Ins Co,* 52 Mich App 457; 217 NW2d 449 (1974). In *Workman, supra,* as previously noted, the Court stated that the four factors therein specified were

merely "among the relevant factors" to be considered.[1] See, also, *Davenport v Aetna Casualty & Surety Co of Illinois,* 144 Ga App 474; 241 SE2d 593 (1978) (domicile to be ascertained by evaluating the aggregate of details surrounding living arrangements). Other relevant indicia of domicile include such factors as whether the claimant continues to use his parents' home as his mailing address, whether he maintains some possessions with his parents, whether he uses his parents' address on his driver's license or other documents, whether a room is maintained for the claimant at the parents' home, and whether the claimant is dependent upon the parents for support.

Courts which have considered whether children of named insureds are domiciled with their parents for purposes of insurance benefits have sometimes held that even when most of those ties are present domicile has been severed. In *Waller v Rocky Mountain Fire & Casualty Co,* 272 Or 69; 535 P2d 530 (1975), the court held that the named insured's son, who had prior to the accident moved to his friend's parents' house, was not a "resident" of his father's home, despite the fact that the son had left clothing with his parents, had not changed his mailing address, had given his parents' address on an employment application, and returned to his parents' home most weekends. The finding of non-residency was upheld in part on the son's testimony that he planned to move back with his parents in the future on only a very temporary and indefinite basis. In *Cotton States Mutual Ins Co v McEachern,* 135 Ga App 628; 218 SE2d 645 (1975), the court held that the son of a named insured who had moved from his father's home six

[1] Plaintiff contends the trial court erroneously considered only the four factors listed in *Workman,* ignoring all others. We do not so read the trial court's opinion.

weeks previously was not a resident of his father's household, despite the fact that he and his wife frequently took their meals at his father's home. The court stated that the mere intent to change domicile may suffice if the individual takes some action to remove himself from his parents' home. In *Tencza v Aetna Casualty & Surety Co,* 111 Ariz 226; 527 P2d 97 (1974), the court held that the named insured's 18-year-old stepdaughter who had moved away from his household two months before did not qualify as a domiciliary, since all relevant indicia pointed to her emancipation. Relevant factors noted by the court included her desire to escape friction between her and her brother, the absence of parental guidance following her move to another state, the absence of any intent on her part to return, her endeavors to support herself, and the fact that she was at an age when many young women are considered emancipated.

*Old Reliable Ins Co v Brown,* 558 SW2d 190 (Ky App, 1977), involved a twist to the question of whether children no longer living with their parents are nonetheless domiciled with them. There, the daughter had moved from her mother's household in Kentucky and was living in Texas, but, when the mother was killed in an auto accident, the mother's estate sought benefits under the daughter's insurance policy claiming that the mother and the daughter were part of the same "household". The administrator of the mother's estate based this claim on the contention that the daughter's plans to reside permanently in Texas were indefinite and the daughter lacked the intention to abandon her Kentucky home. The court stated, p 191:

"We are of the opinion that (the daughter's) 'floating intentions' are typical of the recently emancipated

young adult. Her vague intention of returning 'home' does not support the conclusion that she and her mother were residents of the same household. She was not dependent on her parents for support and had maintained a separate residence in a distant locale for over a year at the time of the accident."

We conclude the facts in this case fully support the trial court's finding that Thomas Sterly was not domiciled in the same household with his mother for the purpose of determing coverage under her policy. At the time of the accident he had not lived with his mother for six months and was not dependent upon her for support, he liked living in his grandfather's trailer and expected to continue to do so indefinitely, and he had no precise plans or expectations of returning to his mother's home. Storage of some of his belongings at his mother's home, use of such home as a mailing address, and the knowledge that he could and would return to live with her if forced to do so by adverse circumstances, are insufficient to constitute him a member of his mother's household.

Moreover, the determination of domicile is a question of fact for trial court resolution. *Leader v Leader,* 73 Mich App 276, 283; 251 NW2d 288 (1977). We should not reverse where, as here, the evidence does not clearly preponderate in the opposite direction. *Brady v Central Excavators, Inc,* 316 Mich 594; 25 NW2d 630 (1947).

At the time of the accident, Thomas Sterly's sister, Donna Sterly, also resided in the grandfather's trailer, and it is plaintiff's alternate theory that defendant's policy covered Thomas because his sister should be considered a person named in the policy.

One of the vehicles listed in the policy declaration was a 1976 Monza and there was a code

designation indicating that a driver of that vehicle was an unmarried female under the age of 21. The insurance agent testified that he was aware that Donna Sterly was the person referred to and he assumed that she was the principal driver of the Monza. Plaintiff contends that although the name of Donna Sterly was not spelled out in the policy, she was, nevertheless, by virtue of the code designation "a person named in the policy".

Plaintiff did not dispute that the "named insured" on defendant's policy was Betty Sterly, who is the mother of Thomas and Donna Sterly. The first step in plaintiff's argument is based on the contention, however, that there is a distinction between "named insured" and "person named in the policy". Plaintiff has cited no case law from this or any other jurisdiction in support of that contention. Our Court has used the term "named insured" interchangeably when referring to "the person named in the policy" under § 3114. Thus in *Bierbusse v Farmers Ins Group of Companies,* 84 Mich App 34, 36; 269 NW2d 297 (1978), the Court said:

"Our research has produced only one case that interprets the aforementioned section of the no-fault act. In *Citizens Mutual Ins Co v Community Services Ins,* 65 Mich App 731; 238 NW2d 182 (1975), a panel of this Court held that an estranged spouse, not domiciled with the *named insured,* is still covered by the *named insured's* no-fault automobile policy. However, the panel went on to conclude that any other relative of the *named insured* or the spouse must be domiciled with the *named insured* in order to be covered under the *named insured's* policy." (Emphasis added.)

And in *Citizens Mutual Ins Co, supra,* p 732 the Court said:

"Defendant has succinctly stated the issue: do personal protection insurance benefits of a Michigan no-fault automobile insurance policy extend to the estranged wife of a *named insured* not domiciled in his household?" (Emphasis added.)

We are not persuaded that there is a distinction between the phrase "the person named in the policy" and the phrase "the named insured".

We further believe it illogical to interpret a code designation, dealing with a risk classification, as the equivalent of naming an insured. Policy language must be construed according to its ordinary, plain meaning. *Rowland v Detroit Automobile Inter-Ins Exchange,* 388 Mich 476; 201 NW2d 792 (1972). Under plaintiff's interpretation, sons or daughters leaving their parents' household to establish new domiciles would carry with them coverage from their parents' policy and extend it to their spouse or other relatives in their new household. This interpretation requires a greatly strained construction of the statutory language and would substantially expand the insurer's exposure without the insurer's having any practical means of calculating the risk.

In *Citizens Mutual Ins Co, supra,* p 733, this Court held that personal injury protection coverage extends to an estranged spouse living in a different household from the named insured. However, in so holding, the importance of giving § 3114 a careful but reasoned restrained construction was recognized, the Court stating:

"What the Legislature meant by the language employed and the structure of the sentence must be determined with some degree of reason. There is reason for limiting insurance benefits to any relative of the insured or his spouse to those relatives domiciled in the insured's household. It creates a definite limit to the

exposure of the insurer, an essential factor in determining the insurance premium."

We hold, as did the trial court, that the code designation did not serve to constitute Donna Sterly "the person named in the policy".

Affirmed.