*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

AMINAH JOHNSON-JEFFERSON,

UNPUBLISHED
October 22, 2020

Plaintiff-Appellant,

v

No. 348495
Wayne Circuit Court
LC No. 17-013825-NF

HOME-OWNERS INSURANCE COMPANY,

Defendant-Appellee,

and

AUTO-OWNERS INSURANCE COMPANY and
MICHIGAN ASSIGNED CLAIMS PLAN,

Defendants.

Before: BOONSTRA, P.J., and MARKEY and FORT HOOD, JJ.

PER CURIAM.

Plaintiff appeals by right the trial court's order granting summary disposition in favor of defendant Home-Owners Insurance Company (Home-Owners).[1] We reverse and remand for further proceedings.

## I. PERTINENT FACTS AND PROCEDURAL HISTORY

On September 24, 2016, plaintiff was involved in a motor vehicle accident in Georgia while a passenger in a vehicle driven by her father, Keith Jefferson (Jefferson). Plaintiff, who was injured in the accident, testified at her deposition that at the time of the accident she was visiting Jefferson in Powder Springs, Georgia, intending to return to Ann Arbor, Michigan, where she lived with her mother, Tracie Johnson (Johnson). The vehicle in which plaintiff was riding at the time

---

[1] Defendants Auto-Owners Insurance Company and the Michigan Assigned Claims Plan were dismissed by stipulated orders in the proceedings below and are not parties to this appeal.

of the accident was owned by Francine Jefferson (Francine), plaintiff's grandmother. Plaintiff was hospitalized in Georgia for two weeks; after she was discharged, she returned to Michigan.

On September 18, 2017, plaintiff filed an action seeking personal injury protection (PIP) benefits under Johnson's automobile insurance policy issued by Home-Owners. Plaintiff alleged that she was entitled to PIP benefits under Johnson's policy because she was a resident relative of Johnson at the time of the accident. On October 19, 2017, Home-Owners answered the complaint and denied that it was obligated to provide coverage, arguing in relevant part that plaintiff was not domiciled with or a resident relative of Johnson at the time of the accident and that she thus was barred from recovering no-fault benefits from Home-Owners.

On December 17, 2018, Home-Owners filed a motion for summary disposition, arguing that plaintiff was barred from recovering no-fault benefits under Johnson's insurance policy because she was domiciled in Georgia at the time of the accident. In response, plaintiff argued that she was merely visiting Georgia when the accident occurred and that she was domiciled in Michigan. On February 21, 2019, following a hearing on the motion, the trial court concluded that plaintiff was domiciled in Georgia at the time of the accident and that reasonable minds could not conclude otherwise. The trial court entered an order granting Home-Owners's motion for summary disposition. This appeal followed.

## II. STANDARD OF REVIEW

We review de novo a trial court's decision to grant or deny a motion for summary disposition. *Grange Ins Co v Lawrence*, 494 Mich 475, 489-490; 835 NW2d 363 (2013). "A motion under MCR 2.116(C)(10) . . . tests the factual sufficiency of a claim." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "A motion brought under MCR 2.116(C)(10) may only be granted when there is no genuine issue of material fact." *Id*. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (citation and quotation marks omitted). In deciding a motion for summary disposition under MCR 2.116(C)(10), the trial court "must consider all evidence submitted by the parties in the light most favorable to the party opposing the motion." *Id*. Additionally, "[a] domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, then determination of domicile is a question of law for the circuit court." *Lawrence*, 494 Mich at 491.

## III. ANALYSIS

Plaintiff argues that the trial court erred by granting Home-Owners's motion for summary disposition, because a genuine issue of material fact remains regarding plaintiff's domicile at the time of the accident. We agree.

MCL 500.3114(1) provides that "a personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." See also *Lawrence*, 494 Mich at 490-492. "Domicile" is "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id*. at 493 (citation and quotation marks omitted). A person's domicile

has also been defined as "that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Id*. (citation and quotation marks omitted). A person may only have one domicile at a time. *Id*. at 494.

To determine whether a claimant and an insured are domiciled in the same household, Michigan courts apply the multi-factor tests articulated in *Workman v Detroit Auto Inter-Ins Exchange*, 404 Mich 477, 496-497; 274 NW2d 373 (1979), and *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983). *Lawrence*, 494 Mich at 497; see also *Calderon v Auto-Owners Ins Co*, 488 Mich 984, 985; 791 NW2d 117 (2010) (KELLY, M., concurring) (noting that the court should consider the factors set forth in *Workman* and *Dairyland* when determining one's domicile for the purposes of MCL 500.3114(1)). When applying these tests, the factors should be weighed and balanced; no one factor is determinative. *Lawrence*, 494 Mich at 497. The factors set forth in *Workman* are:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household[.] [*Id*., quoting *Workman*, 404 Mich at 496-497 (citations omitted).]

The factors set forth in *Dairyland* are:
> (1) the person's mailing address; (2) whether the person maintains possessions at the insured's home; (3) whether the insured's address appears on the person's driver's license and other documents; (4) whether a bedroom is maintained for the person at the insured's home; and (5) whether the person is dependent upon the insured for financial support or assistance. [*Id*. at 497 n 41, quoting *Dairyland*, 123 Mich App at 682.]

The trial court made no explicit reference to the *Workman* or *Dairyland* factors, but did note the majority of the evidence we discuss below before concluding that no genuine issue of material fact existed that plaintiff was domiciled in Georgia, based on plaintiff's representations to her employer and on job applications she completed before the accident. We disagree with the trial court's conclusion. Our review of the evidence presented below, in light of the *Workman* and *Dairyland* factors, and viewed in the light most favorable to the nonmovant, leads us to conclude that reasonable minds could differ regarding plaintiff's domicile at the time of the accident. *Khalil*, 504 Mich at 160.

With regard to the first *Workman* factor, plaintiff's subjective or declared intent of remaining in the place where she contends is her domicile, see *Workman*, 404 Mich at 497, plaintiff testified at her deposition that when she moved to Michigan in June 2015, she intended to live in Michigan permanently. Plaintiff stated that when she went to Georgia at the end of August or early September 2016, she was only going to visit for two or three weeks and intended to return to Michigan to continue classes at Washtenaw Community College. After being discharged from the

hospital, she flew back to Michigan with Johnson, attended numerous doctor's appointments, and attended a class at Washtenaw Community College.

Similarly, Jefferson testified at his deposition that plaintiff had moved to Michigan in June 2015 to attend college and establish a relationship with her mother. Jefferson believed that, when plaintiff came to visit him in August or September 2016, she only intended to stay approximately 10 days. Jefferson testified that, just before the car accident, plaintiff was looking for flights back to Michigan.

However, the Georgia hospital medical records and the police report of the accident list plaintiff's address as Francine's address (where Jefferson and plaintiff's brother also lived) in Georgia. The medical records also stated that Jefferson was going to care for plaintiff after she was discharged. But the medical records also note that plaintiff had a flight to Ann Arbor scheduled on "Sunday morning" and a doctor's appointment scheduled at the University of Michigan Spine Center. And indeed after discharge plaintiff flew back to Michigan and attended numerous follow-up doctor's appointments in the Ann Arbor area. Additionally, at the time of the accident, plaintiff had Blue Cross Complete of Michigan health insurance, a Michigan issued driver's license, and her primary care physician was located in Ann Arbor.

In August 2016, before the accident, plaintiff signed a letter of relocation informing her employer, Enterprise Rent-A-Car (Enterprise), that she was relocating to Atlanta, Georgia and that her last day of work was August 12, 2016. The letter of relocation noted that when plaintiff signed the letter she was already in contact with a human resources director in Georgia to facilitate her transfer to another Enterprise branch. Indeed, in 2016, plaintiff applied for 15 jobs with Enterprise before the accident occurred. According to documents attached by Home-Owners to its motion for summary disposition, the majority of these jobs were located in Georgia, although some of the positions did not list a location and one was in Ann Arbor. On three of those job applications, plaintiff stated that she lived in Atlanta; it appears that in the other applications plaintiff was not asked where she lived. In 2015, plaintiff had applied for three positions with Enterprise, stated in two of them that she lived in Michigan, and was not asked where she lived in the third; two of these jobs were "work at home" positions and the third was located in Ann Arbor. Several of plaintiff's former coworkers at Enterprise indicated in affidavits that plaintiff had expressed to them that she "desired" or "wished" to move to Georgia, although none of the coworkers stated that plaintiff had a specific plan to do so.[2] In sum, and despite the trial court's reliance on plaintiff's letter of relocation and job applications, substantial evidence was presented indicating that a genuine issue of material fact exists regarding whether plaintiff intended to remain in Michigan at the time of the accident.

---

[2] The branch manager of the Ann Arbor Enterprise location where plaintiff worked in 2016 stated in her affidavit that she had been "told" that plaintiff was not offered the most recent Georgia-based position for which plaintiff had applied, and that in her experience, transferring employees generally waited to move to a new location until a successful transfer of employment has occurred; however, she also stated that it was her "understanding" that plaintiff had moved to Georgia despite not having been offered a position there.

The second *Workman* factor, which considers the formality of the relationship between the persons in the household, is not at issue. *Id*. at 497. Johnson is plaintiff's mother, and the two therefore have a personal relationship. There was no evidence presented that plaintiff and Johnson had a formal living arrangement; for example, there was no evidence that plaintiff was considered a guest in Johnson's home or was restricted from using any of the facilities of the house. See *id*. at 498 (noting that an "informal and friendly" living arrangement with her father-in-law's family supported the conclusion that the plaintiff was domiciled with them). By contrast, Jefferson testified that plaintiff was considered a guest in Francine's home and would not have been free to remain there indefinitely. Therefore, this factor weighs in favor of plaintiff being domiciled in Michigan at the time of the accident.

With regard to the third *Workman* factor, whether plaintiff and the insured live in the same household, within the same curtilage, or upon the same premises., *id*., the record shows that plaintiff moved into Johnson's home in June 2015, visited Georgia in late August or early September 2016, and returned to Johnson's home in October 2016. Plaintiff had a bedroom at Johnson's home and was a student at Washtenaw Community College. Jefferson testified that when plaintiff came to visit, although she spent the night at Francine's home, he believed that she was only there to visit and that she was not welcome to move into the home. Relatedly, there was no evidence presented, under the fourth *Workman* factor, that plaintiff had another place of lodging. *Id*. Accordingly, these two factors weigh in favor of plaintiff being domiciled in Michigan at the time of the accident.

The first *Dairyland* factor considers plaintiff's mailing address. *Id*. at 497 n 41. Plaintiff testified that her mailing address was in Michigan and that she did not receive mail in Georgia. Jefferson stated that, aside from receiving insurance paperwork following the accident, plaintiff did not receive mail at Francine's address. This factor supports the conclusion that plaintiff was domiciled in Michigan.

The second *Dairyland* factor considers whether plaintiff maintains belongings at the insured's home. *Id*. Plaintiff testified that she had lived with Johnson since June 2015, had a bedroom at Johnson's house, and was working and attending college while living there. Jefferson testified that plaintiff only had a few belongings at Francine's house, that those belongings were stored in the basement, and that plaintiff did not have a bedroom in the home. Therefore, this factor weighs in favor of the conclusion that plaintiff was domiciled in Michigan.

The third *Dairyland* factor considers the address on plaintiff's driver's license and other documents. *Id*. The record shows that plaintiff had a Michigan driver's license, although the specific address was not provided during the proceedings below. Plaintiff's address on the accident report and the hospital records indicated plaintiff's address as Francine's address in Georgia. But Jefferson testified that he (not plaintiff) provided plaintiff's address to the police officer at the scene. Before the accident, plaintiff indicated on three job applications that she lived in the Atlanta metropolitan area. Accordingly, there is evidence that a factual dispute exists with respect to this factor.

The fourth *Dairyland* factor considers whether the claimant has a bedroom at the insured's home. Plaintiff testified that she had a bedroom at Johnson's home. *Id*. Jefferson testified that plaintiff did not have a bedroom at Francine's home. Finally, the fifth *Dairyland* factor considers

whether plaintiff is financially dependent upon the insured for support or assistance. *Id.* at 497. Plaintiff was financially dependent upon Johnson and relied on Johnson for assistance. Jefferson testified that he does not provide plaintiff with financial support or assistance. Therefore, these two factors support the conclusion that plaintiff was domiciled in Michigan with Johnson at the time of the accident.

Viewing the evidence in the light most favorable to the non-moving party, we conclude that reasonable minds could differ regarding whether plaintiff was domiciled in Georgia or Michigan at the time of the accident. *El-Khalil*, 504 Mich 152, 160. Nor are the underlying material facts free from dispute. *Lawrence*, 494 Mich at 491. Accordingly, we hold that the trial court erred by granting Home-Owners's motion for summary disposition.

Reversed and remanded to the trial court for further proceedings. We do not retain jurisdiction.

/s/ Mark T. Boonstra
/s/ Jane E. Markey
/s/ Karen M. Fort Hood

-6-