*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

THALIA ANN BROCKWAY-GUIDRY,

UNPUBLISHED
June 15, 2023

Plaintiff-Appellee,

v

No. 361473
Wayne Circuit Court
LC No. 20-014581-NF

AUTO CLUB GROUP INSURANCE COMPANY,

Defendant-Appellee,

and

PROGRESSIVE MARATHON INSURANCE
COMPANY,

Defendant-Appellant.

Before: SWARTZLE, P.J., and CAVANAGH and LETICA, JJ.

PER CURIAM.

Defendant, Progressive Marathon Insurance Company (Progressive), appeals by leave granted[1] an order denying its motion for summary disposition of plaintiff's statutory claim for personal protection insurance (PIP) benefits. On appeal, Progressive argues that the trial court erred in denying summary disposition under MCR 2.116(C)(10) because: (1) there was no genuine issue of fact that plaintiff was not domiciled with Progressive's named insured at the time of the accident; (2) there was no enforceable agreement between Progressive and defendant, Auto Club Insurance Company (Auto Club), to pay 50% of plaintiff's PIP benefits; and (3) Auto Club cannot claim estoppel. We reverse the trial court's order, and remand for further proceedings.

---

[1] *Brockway-Guidry v Auto Club Ins Co*, unpublished order of the Court of Appeals, entered on September 23, 2022 (Docket No. 361473).

## I. BACKGROUND

This case arises out of a motor vehicle accident in which plaintiff sustained injuries. At the time of the accident plaintiff was living with her father, James Brockway (James), at his home in Chesterfield, Michigan. Plaintiff did not have her own insurance so she sought PIP benefits from Auto Club because she was domiciled in the same household as James. After further investigation of plaintiff's claim, Auto Club discovered plaintiff's brother, Jack Brockway (Jack) had an insurance policy issued by Progressive that listed James's Chesterfield home as the address for the policy. Auto Club contacted Progressive to file a claim based on its belief that plaintiff lived with Jack, as well as James, and therefore, she would also be entitled to PIP benefits under Jack's Progressive insurance policy. Progressive's claims adjuster found two addresses associated with Jack: (1) the Chesterfield home, and (2) an address in Hamtramck, Michigan. Under the belief that plaintiff was also domiciled in the same household as Jack, Progressive agreed to pay half of plaintiff's PIP benefits Auto Club already remitted. Progressive learned Auto Club paid $7,627.09 on plaintiff's claim, and after receiving the demand from Auto Club, Progressive paid the pro rata share of plaintiff's claim of $3,813.55.

Subsequently, plaintiff filed a complaint against Auto Club asserting a statutory claim for PIP benefits and sought declaratory relief, alleging that Auto Club refused or unreasonably delayed payment of benefits. Plaintiff later amended her complaint to add Progressive as a defendant. Plaintiff testified at her deposition that she was living only with her father, James, in the Chesterfield home at the time of the accident. James also testified that he and plaintiff were the only people residing at the Chesterfield home at the time of the accident.

Based on this testimony, Progressive moved for summary disposition under MCR 2.116(C)(10), arguing that it was not liable to pay plaintiff's PIP benefits because she was not domiciled in the same household as Jack, a Progressive named insured. In its response, Auto Club did not dispute any of the facts concerning Jack's residence or domicile. Instead, Auto Club argued that it had entered into a binding contract with Progressive, under which Progressive agreed to pay half of plaintiff's claims for PIP benefits. Importantly, plaintiff averred that Auto Club was liable for nonpayment of her PIP benefits; she took no position regarding enforcement of the alleged prelitigation agreement; and she admitted that she was not domiciled in the same household as Jack at the time of the accident. The trial court denied Progressive's motion without holding a hearing or providing any explanation. Progressive moved for reconsideration, which the trial court also denied without an explanation. This appeal followed.

## II. STANDARD OF REVIEW

A trial court's decision on a motion for summary disposition is reviewed de novo. *Broz v Plante & Moran, PLLC*, 331 Mich App 39, 45; 951 NW2d 64 (2020). A motion under MCR 2.116(C)(10) tests the factual sufficiency of a claim. *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 160; 934 NW2d 665 (2019). "In deciding whether to grant a motion for summary disposition pursuant to MCR 2.116(C)(10), a court must consider '[t]he affidavits, together with the pleadings, depositions, admissions, and documentary evidence then filed in the action or submitted by the parties' in the light most favorable to the nonmoving party." *Bonner v City of Brighton*, 495 Mich 209, 220-221; 848 NW2d 380 (2014) (citation omitted). The moving party is entitled to judgment as a matter of law when the proffered evidence fails to establish a genuine

issue regarding any material fact. *Maiden v Rozwood*, 461 Mich 109, 120; 597 NW2d 817 (1999). A genuine issue of material fact exists "when reasonable minds can differ on an issue after viewing the record in the light most favorable to the nonmoving party." *Allison v AEW Capital Mgmt, LLP*, 481 Mich 419, 425; 751 NW2d 8 (2008).

We also "review de novo the interpretation and application of a statute as a question of law. If the language of a statute is clear, no further analysis is necessary or allowed." *Eggleston v Bio-Medical Applications of Detroit, Inc*, 468 Mich 29, 32; 658 NW2d 139 (2003). "A domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, the determination of domicile is a question of law for the circuit court." *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 489; 835 NW2d 363 (2013).

### III. ANALYSIS

Progressive argues that the trial court erred in denying its motion for summary disposition because: (1) there was no genuine issue of fact that plaintiff was not domiciled in the same household as Progressive's named insured, Jack, at the time of the accident; (2) there was no enforceable agreement between Progressive and Auto Club to pay 50% of plaintiff's statutory claim for PIP benefits; and (3) Auto Club cannot claim estoppel. We agree.

MCL 500.3114(1) governs priority among insurers for payment of PIP benefits and states, in relevant part: "[A] personal protection insurance policy . . . applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Domicile is "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Grange Ins Co*, 494 Mich at 493 (quotation marks and citation omitted). Domicile has also been defined as "that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Id*. (quotation marks and citations omitted). Importantly, a person may only have one domicile at a time. *Id*. at 493-494.

Michigan courts apply the multifactor tests articulated in *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477, 496-497; 274 NW2d 373 (1979) and *Dairyland Ins Co v Auto-Owners Ins Co*, 123 Mich App 675, 682; 333 NW2d 322 (1983) to determine whether an insured and a claimant are domiciled in the same household. *Grange Ins Co*, 494 Mich at 497. "In considering these factors, no one factor is, in itself, determinative; instead, each factor must be balanced and weighed with the others." *Workman*, 404 Mich at 496. The factors articulated in *Workman* are:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household[.] [*Id*. 496-497 (citations omitted).]

The factors articulated in *Dairyland Ins Co* are:

> [W]hether the claimant continues to use his parents' home as his mailing address, whether he maintains some possessions with his parents, whether he uses his parents' address on his driver's license or other documents, whether a room is maintained for the claimant at the parents' home, and whether the claimant is dependent upon the parents for support. [*Dairyland Ins Co*, 123 Mich App at 682.]

In its motion for summary disposition, Progressive argued that plaintiff was not domiciled with its named insured, her brother Jack, at the time of the accident. In support of its motion, Progressive attached the deposition testimony of plaintiff and James, where each stated that Jack did not live at the Chesterfield home with them at the time of the accident. In her deposition, plaintiff testified that Jack did not live at the Chesterfield home at the time of the accident. Plaintiff also stated that Jack did not have a room at the Chesterfield home, but kept personal belongings such as his stereo equipment there. Similarly, James testified, at the time of the accident, he was only living with plaintiff at the Chesterfield home, and Jack had not lived there for at least five years. Importantly, plaintiff admitted that Jack did not reside with her and James at the time of the accident in her reply to Progressive's motion for summary disposition. Auto Club did not contest any of the facts concerning Jack's domicile, nor did it present evidence that Jack was, in fact, domiciled with plaintiff at the Chesterfield home in opposing the motion for summary disposition.

Clearly, as required, Progressive came forward with evidence in support of its contention that plaintiff was not domiciled in the same household as Jack. Although the evidence is required to be viewed "in the light most favorable to the nonmoving party," in the trial court, Auto Club failed to come forward with any evidence "that a genuine and material issue of disputed fact exists." *Reed v Reed*, 265 Mich App 131, 141; 693 NW2d 825 (2005), citing MCR 2.116(G)(4). In response to Progressive's summary disposition motion, Auto Club exclusively relied on the alleged contractual agreement between the insurers, without any effort to dispute or support the location of Jack's domicile. As such, the trial court erred in denying Progressive's motion for summary disposition because Auto Club failed to present evidence that there was a genuine issue of fact regarding whether plaintiff was domiciled with Jack at the time of the accident.

Lastly, Progressive argues that Auto Club cannot claim estoppel. At the outset, we note that Auto Club never actually claimed estoppel in the trial court. Auto Club's one sentence statement[2] in its answer was made simply in furtherance of its contention that an enforceable contract existed—but Auto Club conceded on appeal at oral argument that it was not claiming that an enforceable contract existed. If anything, it could be implied that Auto Club was suggesting applicability of promissory estoppel. The elements of a promissory estoppel claim are: "(1) a promise, (2) that the promisor should reasonably have expected to induce action of a definite and substantial character on the part of the promise, and (3) that in fact produced reliance or forbearance of that nature in circumstances such that the promise must be enforced if injustice is to be avoided." *Cove Creek Condo Ass'n v Vistal Land & Home Dev, LLC*, 330 Mich App 679,

---

[2] Auto Club's statement was: "Simply put, there is a question of fact as to Progressive's status of priority in this case because Progressive fully intended and acted like it was on the same level of priority as Auto Club since before the inception of this litigation."

713; 950 NW2d 502 (2019) (quotation marks and citation omitted). "A promise is a manifestation of intention to act or refrain from acting in a specific way, so made as to justify a promise in understanding that a commitment has been made." *Zaremba Equip, Inc v Harco Nat'l Ins Co*, 280 Mich App 16, 41; 761 NW2d 151 (2008) (quotation marks and citation omitted). "The promise must be definite and clear, and the reliance on it must be reasonable." *Id*.

Progressive promised to pay a specific sum in accordance with the demand sent by Auto Club, but did not a promise to pay half of any and all of plaintiff's statutory claims for PIP benefits. Moreover, Auto Club cannot claim reasonable reliance because Auto Club did not change its position, or take any action indicating its reliance on Progressive being responsible to pay for half of all plaintiff's claims for benefits. Further, enforcement of this "promise" would not be necessary to avoid injustice. Auto Club is obligated to pay plaintiff statutory PIP benefits because she was domiciled in the same household as its named insured, James. In fact, Progressive was not obligated to pay any of plaintiff's PIP benefits because she was not domiciled in the same household as its named insured, Jack. As such, it is not an injustice to allow Progressive to avoid further liability on plaintiff's claim it was never obligated to pay. Therefore, the trial court erred in denying Progressive's motion for summary disposition because there was no enforceable contract and Auto Club cannot legitimately assert promissory estoppel.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction. Progressive is entitled to costs as the prevailing party. See MCR 7.219(A).

/s/ Brock A. Swartzle
/s/ Mark J. Cavanagh
/s/ Anica Letica