*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

GAIL FULTON,

　　　　　Plaintiff-Appellant,

v

CITIZENS INSURANCE COMPANY OF THE
MIDWEST,

　　　　　Defendant-Appellee.

UNPUBLISHED
March 11, 2025
3:24 PM

No. 367907
Wayne Circuit Court
LC No. 22-010065-NF

Before: MARIANI, P.J., and RIORDAN and FEENEY, JJ.

PER CURIAM.

In this action to recover benefits under the no-fault act, MCL 500.3101 *et seq*., plaintiff Gail Fulton appeals as of right the order granting defendant Citizens Insurance Company of the Midwest's motion for summary disposition. We affirm.

## I. FACTS

This case arises out of a motor vehicle accident on August 14, 2021, after which plaintiff sought personal protection insurance (PIP) benefits through the Michigan Automobile Insurance Placement Facility (MAIPF) and Michigan Assigned Claims Plan (MACP). Her claim subsequently was assigned to defendant. On the date of the accident, plaintiff's cousin, Odaisia Robinson, was driving a rental vehicle while plaintiff rode in the passenger seat. Robinson lost control of the vehicle and struck a guard wall. Plaintiff sustained injuries as a result of the collision, for which she received medical treatment.

At the time of the accident, plaintiff was living with her parents at their home on Greensboro Street in Detroit. However, plaintiff also maintained a lease for an apartment on East Jefferson Street in Detroit since May 2020. Plaintiff stayed with her parents because her father underwent surgery, and she acted as his caregiver. A couple of weeks after the accident, plaintiff moved into her East Jefferson apartment with her boyfriend.

Because plaintiff's insurance on her own vehicle had lapsed, she filled out an application for benefits through the MAIPF in September 2021. In the application, she listed the East Jefferson apartment as her current address, but identified her parents' house as her address at the time of the accident. Plaintiff

also indicated that she lived alone, denied living with any resident relatives, and did not list any information pertaining to her parents' vehicles, which were covered under their own policy.

In August 2022, plaintiff filed a complaint against defendant to recover PIP benefits. Thereafter, defendant moved for summary disposition pursuant to MCR 2.116(C)(10), arguing that plaintiff was ineligible for PIP benefits because she had other available coverage through her parents' insurer, and because she "knowingly made materially false statements" in her application for benefits to the MAIPF. Plaintiff responded that there was at least an issue of fact regarding her domicile at the time of the accident, and that she did not make any material misrepresentations in her application for benefits. Defendant filed a reply, arguing that it was clear plaintiff was domiciled with her parents, and that, by her own admission, she lied in her application for benefits. Following a motion hearing, the trial court agreed with defendant and granted its motion.

## II. STANDARD OF REVIEW

This Court reviews a trial court's decision on a motion for summary disposition de novo. *Cantina Enterprises II Inc v Prop-Owners Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363105); slip op at 3. "A motion for summary disposition under MCR 2.116(C)(10), which tests the factual sufficiency of a plaintiff's claim, is properly granted when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." *Id.* "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might disagree." *Green v Pontiac Pub Library*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 363459); slip op at 7.

## III. DISCUSSION

Plaintiff argues that the trial court erred by determining that there is no genuine issue of material fact regarding her domicile at the time of the accident. We disagree.

Under the no-fault act, "MCL 500.3172 sets forth the eligibility criteria for claimants to seek PIP benefits through the MACP when no insurance is readily applicable and the accident occurs in Michigan." *Steanhouse v Michigan Auto Ins Placement Facility (On Remand)*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 359576); slip op at 8 (quotation marks and citation omitted). A person may claim PIP benefits through the MACP if "[n]o personal protection insurance is applicable to the injury," MCL 500.3172(1)(a), or if "[n]o personal protection insurance applicable to the injury can be identified," MCL 500.3172(1)(b).

Relevant to the determination of whether PIP insurance is applicable or identifiable, under MCL 500.3114(1), a no-fault policy "applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident." Although domicile is relevant to determining whether a no-fault policy applies, "the no-fault act does not define the term 'domiciled.' " *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 492; 835 NW2d 363 (2013). In *Grange*, our Supreme Court concluded that the common-law meaning of the term "domicile" applies in the context of MCL 500.3114(1). *Id.* at 495-496. "Michigan courts have defined 'domicile' to mean the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 493 (quotation marks and citation omitted). Notably, "a person may have only one domicile, but more than one residence." *Id.* at 494.

In outlining the above considerations, *Grange* recognized certain factors for evaluating where a person is domiciled in a no-fault case. See *Mapp v Progressive Ins Co*, 346 Mich App 575, 589; 13 NW3d 643 (2023). The following factors, adopted from *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477; 274 NW2d 373 (1979), include:

> (1) the subjective or declared intent of the person of remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. [*Mapp*, 346 Mich App at 589 (cleaned up).]

Further, this Court has recognized five additional factors for determining domicile in a no-fault action, "with a particular focus on adult children of an insured who may have complicated living arrangements[.]" *Id*. These factors, adopted from *Dairyland Ins Co v Auto Owners Ins Co*, 123 Mich App 675; 333 NW2d 322 (1983), include:

> (1) whether the claimant continues to use his parents' home as his mailing address, (2) whether he maintains some possessions with his parents, (3) whether he uses his parents' address on his driver's license or other documents, (4) whether a room is maintained for the claimant at the parents' home, and (5) whether the claimant is dependent upon the parents for support. [*Mapp*, 346 Mich App at 590 (cleaned up).]

In this "flexible multi-factor test . . . no one factor is determinative." *Grange*, 494 Mich at 497. "A domicile determination is generally a question of fact; however, where the underlying material facts are not in dispute, the determination of domicile is a question of law for the circuit court." *Barnes v 21st Century Premier Ins Co*, 334 Mich App 531, 543; 965 NW2d 121 (2020) (quotation marks and citation omitted).

Applying the above factors, we conclude that plaintiff failed to establish a question of material fact regarding her domicile. Although plaintiff emphasizes the first factor regarding her subjective or declared intent to remain with her parents, this factor does not favor either of the parties because there was no evidence presented as to whether plaintiff intended to stay with her parents indefinitely. Plaintiff testified that she lived with her parents to care for her father after surgery, and then continued to stay there when she needed to be cared for. However, while plaintiff testified that she maintained a lease for the East Jefferson apartment and considered the property to be "in [her] inventory," there is no indication from the record that she stayed at that address prior to the accident or planned to "return" there, as plaintiff claims. Rather, plaintiff testified that she moved into the East Jefferson apartment a couple of weeks after the accident. Absent further evidence, this testimony does not speak to plaintiff's subjective intent to remain at either address at the time the accident occurred.

Under the second factor, the relationship between plaintiff and her parents appeared to be informal. There was no evidence that plaintiff had a formal arrangement to stay with her parents. Instead, plaintiff remained there as a caregiver, where she had her own bedroom, received mail, maintained her belongings, and had her own keys. Further, under the third factor, plaintiff clearly lived upon the same premises as her parents, since she had a bedroom in their house.

The fourth factor, whether plaintiff had another place of lodging, arguably supports her position, because she maintained a lease for her East Jefferson apartment since May 2020. However, while plaintiff moved into the apartment a couple of weeks after the accident, again, there is no indication whether she considered it to be another place of lodging at the time the accident occurred. To the contrary, plaintiff testified she kept the apartment "in [her] inventory," but she received mail and maintained her belongings at her parents' house.

The remaining factors, which are particularly tailored to plaintiff's situation as an adult child of her insured parents, see *Mapp*, 346 Mich App at 589, strongly indicate that plaintiff was domiciled at her parents' house. At the time of the accident, plaintiff 1) used her parents' house to receive mail; 2) maintained her possessions there, such as her clothes and car; 3) listed her parents' address on her driver's license; and 4) maintained a room there. The final factor, whether plaintiff was dependent on her parents, does not favor either party, since at the time of the accident, plaintiff was living at her parents' house to care for her father.

Given how strongly the foregoing factors indicate that plaintiff was domiciled with her parents, reasonable minds would not disagree on the issue. Although plaintiff emphasizes that domicile generally is a question of fact and should be subject to jury resolution, this assertion alone does not rescue plaintiff's argument, since she did not set forth specific facts demonstrating a genuine issue of material fact as to her domicile. See *Jim's Body Shop, Inc v Dep't of Treasury*, 328 Mich App 187, 206; 937 NW2d 123 (2019) ("Once the moving party meets its burden of supporting its motion under MCR 2.116(C)(10) with documentary evidence, the burden shifts to the nonmoving party to set forth specific facts showing that a genuine issue of disputed fact exists."). Accordingly, because the trial court properly determined that plaintiff was domiciled with her parents, who owned insured vehicles, plaintiff was not eligible for benefits from the MACP under MCL 500.3172(1)(a) and (b). Defendant's motion for summary disposition was properly granted on this basis.[1]

## IV. CONCLUSION

The trial court correctly granted summary disposition in favor of defendant. We affirm.

/s/ Philip P. Mariani
/s/ Michael J. Riordan
/s/ Kathleen A. Feeney

---

[1] Given our disposition of this issue, we need not reach whether the trial court erred by concluding that defendant also is entitled to summary disposition on the alternate basis of its fraud claim.

-4-