*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

JOHN DAVIS, as Next Friend of FD, HD, and ID, minors,

        Plaintiff-Appellee

v

AUTO CLUB INSURANCE ASSOCIATION,

        Defendant-Appellant,

and

CITIZENS INSURANCE COMPANY OF THE MIDWEST,

        Defendant-Appellee

UNPUBLISHED
June 23, 2025
11:17 AM

No. 370748
Wayne Circuit Court
LC No. 22-000863-NF

Before: LETICA, P.J., and MURRAY and PATEL, JJ.

PER CURIAM.

In this action for first-party personal injury protection (PIP) benefits under the no-fault act, MCL 500.3101 *et seq.*, defendant, Auto Club Insurance Association, appeals by leave granted[1] the trial court's order denying its motion for summary disposition under MCR 2.116(C)(10) and its motion for reconsideration. We reverse and remand for further proceedings consistent with this opinion.

---

[1] *FD Minors v Auto Club Ins Assoc*, unpublished order of the Court of Appeals, entered August 21, 2024 (Docket No. 370748).

## I. BACKGROUND

On January 30, 2021, the minor plaintiffs, FD, HD, and ID (collectively, the FD minors), were injured in an automobile collision while occupying a motor vehicle owned and operated by their aunt, Mary O'Neal. On the date of the accident, Mary's vehicle was insured by Auto Club.

John Davis and Kelly O'Neal are the FD minors' parents. From approximately April 2020 to March 2021, John and Kelly lived at an extended-stay motel. The FD minors lived at the hotel full-time with their parents until November 2020. Kelly was pregnant and placed on medical bedrest in November 2020. At that time, the children began staying at Mary's home during the week and at the hotel on the weekends. Kelly explained that the living arrangement took the stress off of her and John. With the children at Mary's home during the week, Kelly and John got a better rate for the hotel room and everyone had more living space. In addition, Mary's home was equipped with Wi-Fi and provided a better environment for the children's virtual classes. The FD minors had their own beds at Mary's home, shared bedrooms with their cousins, and kept clothing and other personal belongings there. John and Kelly visited the children at Mary's home, but never stayed overnight. John and Kelly provided some food and extra clothing for the children while they stayed with Mary. They also maintained legal custody of the children. This living arrangement continued until the January 2021 accident.

Neither John nor Kelly owned a vehicle on the date of the accident. And no one else lived in the hotel room with John and Kelly besides the children. Accordingly, it is undisputed that there were no applicable automobile insurance policies through John, Kelly, or another relative at the temporary hotel address.

A claim for PIP benefits was made on behalf of the FD minors under Mary's Auto Club insurance policy. Auto Club denied the claim on the basis that the children were not domiciled with Mary on the date of the accident. A claim was then made on behalf of the FD minors to the Michigan Automobile Insurance Placement Facility for PIP benefits under the Michigan Assigned Claims Plan (MACP). The claim was assigned to defendant, Citizens Insurance Company of the Midwest.

John, as next friend of the FD minors, commenced this action for PIP benefits against Auto Club and Citizens. Following discovery, Auto Club moved for summary disposition under MCR 2.110(C)(10). Applying the factors established by *Workman v Detroit Auto Inter-Ins Exch*, 404 Mich 477, 496–497; 274 NW2d 373 (1979) and *Dairyland Ins Co v Auto Owners Ins Co*, 123 Mich App 675, 681-682; 333 NW2d 322 (1983), Auto Club argued that there was no genuine issue of material fact that the FD minors were domiciled with their parents on the date of the accident and thus they were not entitled to PIP benefits under Mary's Auto Club policy. In response, Citizens asserted that there was a genuine issue of material fact under the *Workman/Dairyland* factors whether the children were domiciled with Mary. John, as next friend of the children, took no position regarding the insurer dispute.

After hearing arguments, the trial court ruled:

> [W]hen you look at the undisputed facts, the undisputed facts, of how these children came to be in the care of the [Auto Club] insured, Ms. O'Neal, it is without

question . . . that these children were with her indefinitely. And I think, because they were with her indefinitely, [be]cause there was no other stable or suitable housing available to these kids, it is without question, that, at the time of this loss, they were domiciled a [sic] living with her and, therefore, the Court finds that, a matter of law that the defendant, [Auto Club], is the first in priority for payment of benefits—no-fault benefits to these children and, as such, I think that that would mean that the defendant Citizens, would not be within the order of priority because Citizens was only assigned as the insurer of last resort because there was but believed to be no other coverage available, which has now been resolved by discovery in the—in the depositions being taken, that these kids were in fact living and domiciled with their aunt, the [Auto Club] insured. . . . So, your motion for summary disposition is denied and I believe that -- that defendant Citizens is out and [Auto Club] is in.

The trial court denied Auto Club's motion for summary disposition for the reasons stated on the record and held that Auto Club was the highest priority insurer for the FD minors' claim for PIP benefits arising out of the subject accident.

Auto Club moved for reconsideration or, in the alternative, for the trial court to exercise its discretion to grant relief under MCR 2.604(A) ("an order . . . adjudicating fewer than all the claims, or the rights and liabilities of fewer than all the parties . . . is subject to revision before entry of final judgment . . . ."). Auto Club argued that that the trial court had been misled by the parties into applying the *Workman/Dairyland* factors to determine the domicile of the minor children. Instead, Auto Club asserted, for the first time, that our Supreme Court's decision in *Grange Ins Co of Mich v Lawrence*, 494 Mich 475, 503; 835 NW2d 363 (2013), was dispositive. Auto Club maintained that, under *Grange*, the children's domicile was that of their parents. The trial court denied Auto Club's motion because it was "not convinced that palpable error occurred in the original ruling." This appeal followed.

## II. STANDARDS OF REVIEW

"We review de novo a trial court's decision on a motion for summary disposition." *El-Khalil v Oakwood Healthcare, Inc*, 504 Mich 152, 159; 934 NW2d 665 (2019). Summary disposition under MCR 2.116(C)(10) is warranted when "[e]xcept as to the amount of damages, there is no genuine issue as to any material fact, and the moving party is entitled to judgment or partial judgment as a matter of law." MCR 2.116(C)(10). When reviewing a motion for summary disposition under MCR 2.116(C)(10), a court must consider the evidence submitted by the parties in the light most favorable to the nonmoving party. *El-Khalil*, 504 Mich at 160. "A genuine issue of material fact exists when the record leaves open an issue upon which reasonable minds might differ." *Id*. (cleaned up).

We review a trial court's decision on a motion for reconsideration for an abuse of discretion. *Sanders v Perfecting Church*, 303 Mich App 1, 8, 840 NW2d 401 (2013). A trial court abuses its discretion when its decision falls outside the range of principled outcomes, or when it "premises its exercise of discretion on an error of law." *Int'l Outdoor, Inc v SS Mitx, LLC*, __ Mich App __, __; __ NW3d __ (2023) (Docket No. 359082); slip op at 3-4.

-3-

"We review de novo questions of statutory interpretation . . . ." *Milne v Robinson*, 513 Mich 1, 7; 6 NW3d 40 (2024).

## III. ANALYSIS

Auto Club argues the FD minors were domiciled with their parents as a matter of law and thus they are not entitled to PIP benefits under Mary's Auto Club insurance policy. We agree.

"The goal of the no-fault insurance system was to provide victims of motor vehicle accidents assured, adequate, and prompt reparation for certain economic losses." *Donner v Progressive Mich Ins Co*, ___ Mich App ___, ___; ___ NW3d ___ (2024) (Docket No. 365477); slip op at 4 (cleaned up). "This includes PIP benefits. A person injured in an accident arising from the ownership, operation, or maintenance of a motor vehicle as a motor vehicle is immediately entitled to PIP benefits without the need to prove fault." *Id.* (cleaned up). When a person is injured in an auto accident, MCL 500.3114 instructs the person "to pursue his or her 'claim' for PIP benefits from insurers according to the listed order of priority." *Griffin v Trumbull Ins Co*, 509 Mich 484, 498; 983 NW2d 760 (2022). Under MCL 500.3114(4), there are three levels of priority for insurers: "the person's no-fault insurer, the insurer of a spouse or resident relative, and lastly the MACP." *Bauer-Rowley v Humphreys*, 344 Mich App 52, 62; 988 NW2d 721 (2022). MCL 500.3114(1) provides "a personal protection insurance policy described in [MCL 500.3101(1)] applies to accidental bodily injury to the person named in the policy, the person's spouse, and a relative of either domiciled in the same household, if the injury arises from a motor vehicle accident."

In this case, it is undisputed that the FD minors did not have their own no-fault policy. It is further undisputed that Mary had a valid no-fault policy issued by Auto Club and the FD minors Mary's relatives. Accordingly, the FD minors may only claim PIP benefits under Auto Club's policy if they were "domiciled in the same household" as Mary on the date of the accident. MCL 500.3114(1).

Generally, a domicile determination is a question of fact. *Grange*, 494 Mich at 491. But if the underlying material facts are not in dispute, the determination of domicile is a question of law. *Id.* The term "domiciled" is not defined in the no-fault act. "Domicile" has been defined as "the place where a person has his true, fixed, permanent home, and principal establishment, and to which, whenever he is absent, he has the intention of returning." *Id.* at 493 (cleaned up). It has also been defined as "that place where a person has voluntarily fixed his abode not for a mere special or temporary purpose, but with a present intention of making it his home, either permanently or for an indefinite or unlimited length of time." *Id.* (cleaned up). A person "retains his domicile of origin upon his birth until he changes it, by acquiring another; and so each successive domicile continues, until changed by acquiring another." *Id.* at 494 (cleaned up). "[A] person can only have a single domicile at any given point in time." *Id.* On the other hand, a person may have more than one residence. *Id.* A residence is "any place of abode or dwelling place," regardless of whether it is temporary. *Id.* Applying this well-established common-law meaning of the term "domicile," our Supreme Court concluded in *Grange* that "a child, regardless of his parents' marital status or his multiple legal residences, may also have only one domicile at any given point in time." *Id.* at 495.

In the summary disposition briefing, the parties relied on *Workman* and *Dairyland* to argue their respective positions regarding the children's domicile. In *Workman*, 404 Mich at 496–497, our Supreme Court articulated a multifactor balancing test to determine a person's domicile:

> (1) the subjective or declared intent of the person remaining, either permanently or for an indefinite or unlimited length of time, in the place he contends is his "domicile" or "household"; (2) the formality or informality of the relationship between the person and the members of the household; (3) whether the place where the person lives is in the same house, within the same curtilage or upon the same premises; (4) the existence of another place of lodging by the person alleging "residence" or "domicile" in the household. [Citations omitted.]

In *Dairyland*, 123 Mich App at 682, this Court articulated five additional factors for a court to consider in determining a domicile:

> whether the claimant continues to use his parents' home as his mailing address, whether he maintains some possessions with his parents, whether he uses his parents' address on his driver's license or other documents, whether a room is maintained for the claimant at the parents' home, and whether the claimant is dependent upon the parents for support.

The *Dairyland* factors have "a particular focus on adult children of an insured who may have complicated living arrangements." *Grange*, 494 Mich at 497 n 41.

However, because a minor lacks the legal capacity to acquire a domicile of choice, the *Workman/Dairyland* factors are irrelevant to the determination of a minor's domicile. *Grange*, 494 Mich at 501-503. "Instead, the child's domicile is determined by reference to the domicile of his or her parents." *Id.* at 503. Under Michigan common law, a child acquires a domicile of origin at birth. *Id.* The child's domicile of origin is that of his or her father and "remains the child's domicile until a new domicile is acquired through the actions of the child's parents or until that point in time when the minor, either through emancipation or by reaching the age of majority, can acquire a domicile of choice." *Id.* "[I]n the instance where a child's parents remain married, when the parents acquire a new domicile of choice, the child also acquires that same domicile consistent with the parents' intent." *Id.* at 503 n 56. In other words, a child of married parents acquires a new domicile when his or her parents acquire a new domicile or, when the child reaches the age of majority or emancipates from his or her parents, the child can choose a new domicile.

In this case, the FD minors had two residences on the date of the accident—the hotel and Mary's home. But the unemancipated minors could only have one domicile. See *Grange*, 494 Mich at 503. On the date of the accident, the FD minor's parents were married and had legal custody of the children. Therefore, the FD minors were domiciled with their parents as a matter of law. See *id.* It is undisputed that the FD minors' parents were not domiciled in Mary's household on the date of the accident. Because the FD minors were not named insureds under Mary's Auto Club policy and were domiciled with their parents on the date of the accident, Mary's Auto Club policy is inapplicable to the FD minor's PIP claim. See MCL 500.3114(1). Accordingly, the trial court erred by denying Auto Club's motion for summary disposition and holding that Auto Club was the highest priority insurer for the FD minor's PIP claim. And because

*Grange* is dispositive, the trial court abused its discretion by denying Auto Club's motion for reconsideration.[2]

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Anica Letica
/s/ Christopher M. Murray
/s/ Sima G. Patel

---

[2] We recognize that Auto Club initially relied on the *Workman/Dairyland* factors in its motion for summary disposition and did not raise *Grange* until its motion for reconsideration. "As a general rule, an issue is not preserved if it is raised for the first time in a motion for reconsideration in the trial court." *George v Allstate Ins Co*, 329 Mich App 448, 454; 942 NW2d 628 (2019). However, the issue was the same in both motions—whether the FD minors were domiciled with Mary and thus were entitled to claim PIP benefits under her policy. Auto Club was free to make more developed arguments and rely on additional caselaw. See *Glasker-Davis v Auvenshine*, 333 Mich App 222, 228; 964 NW2d 809 (2020) ("[S]o long as the issue itself is not novel, a party is generally free to make a more sophisticated or fully developed argument on appeal than was made in the trial court.").